254 F.2d 188
 Bernard KLEIN, Plaintiff-Appellant,
v.
V. O. LEE, Adjudication Officer, Regional Office, Chicago,
Illinois, Official Agent for Honorable H. V. Higley,
Administrator, United States Veterans Administration,
Washington, D.C., Defendant-Appellee.
 No. 12194.
 United States Court of Appeals Seventh Circuit.
 April 22, 1958.
 
 Bernard Klein, Chicago, Ill., for appellant.
 Robert Tieken, U.S. Atty., John Peter Lulinski, Asst. U.S. Atty., Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit judges.
 DUFFY, Chief Judge.
 
 
 1
 Plaintiff, a layman, appeared pro se both here and in the District Court. As might be expected, plaintiff's allegations and contentions take a wide range. We shall attempt to summarize the pertinent facts and pleadings.
 
 
 2
 Plaintiff is a veteran of World War I. On September 6, 1956, he was granted a hearing before a Veterans' Administration Rating Board. This Board granted plaintiff an 80% service-connected disability award in the sum of $161.80 per month. Plaintiff was notified of the award on September 27, 1956, and was also informed he could appeal from that award within one year from said date, and that upon request he would be furnished with a form of notice of appeal.
 
 
 3
 Plaintiff had some disability that was non-service connected, and apparently believed he should receive compensation by reason thereof. By letter to defendant V. O. Lee as Adjudication Officer of the Regional Office of the Veterans' Administration, he made a demand for a complete report of all medical findings in his case, and also asked for additional information as to regulations and manuals. On March 7, 1957, plaintiff was informed that since his service-connected disability award was higher than his non-connected disability pension, only service-connected disabilities were considered in arriving at his award. Thereafter, plaintiff addressed numerous letters to defendant Lee as well as to H. V. Higley, then the Administrator of the United States Veterans' Administration. Letters from Higley not being satisfactory to plaintiff, he thereafter contended that Higley had abdicated all jurisdiction in the matter to defendant Lee. On May 21, 1957, plaintiff was again advised by letter of his rights to appeal and there was sent to him the form of the appeal notice.
 
 
 4
 Plaintiff commenced action in the District Court specifying that the summons should be served on 'V. O. Lee, Adjudication Officer, Regional Office, Chicago, Illinois, Official Agent for Honorable H. V. Higley, Administrator, United States Veterans Administration, Washington, D.C.' H. V. Higley was, therefore, not a party and the motion of the plaintiff to substitute Sumner G. Whittier, the present administrator, for Higley filed in this court on February 6, 1958 is not in order and must be denied.
 
 
 5
 Defendant filed a motion to dismiss on the following grounds: 1) that the decisions of the Administrator of the Veterans' Administration such as involved in the present case are by law final and non-reviewable by the Counts; 2) that plaintiff had not exhausted his administrative remedies; 3) the administrator was a necessary party defendant and the District Court in Illinois was without jurisdiction to grant relief; 4) that defendant Lee was not a proper party defendant. Shortly thereafter, plaintiff filed an application for the convening of a three-judge court based upon his contention that Title 38 U.S.C.A. Sec. 705[1] was unconstitutional.
 
 
 6
 On September 26, 1957, plaintiff filed a motion for an order directing an extension of time within which he could file an administrative appeal. The court denied said motion and granted defendant's motion to dismiss the cause. This appeal followed.
 
 
 7
 Consistent with its attitude expressed in 705, U.S.C.A. 38, Congress, in 1940, showed its continued determination to withhold from the jurisdiction of the courts every final decision of the Administrator of Veterans' Affairs by enacting 11a-2 of U.S.C.A. Title 38 which reads as follows: 'Notwithstanding any other provisions of law, except as provided in sections 445 and 817 of this title (relating to insurance), the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions.'
 
 
 8
 There are several reasons why the District Court was correct in granting the motion to dismiss. However, it is sufficient for our decision that we refer only to the provisions of Title 28 U.S.C.A. 705 and 38 U.S.C.A. 11a-2.
 
 
 9
 District Courts of the United States are courts of limited jurisdiction. They have such jurisdiction as Congress may have conferred upon them. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339. Congress has the power to take away, even as to pending cases, jurisdiction that it had theretofore conferred. Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 90 L.Ed. 409.
 
 
 10
 Compensation and disability benefits, such as are involved in plaintiff's claims herein, do not arise from contractual operations of the United States. As we pointed out in Magnus v. United States, 7 Cir., 234 F.2d 673, they arise from a moral obligation of the Government to take care of its disabled war veterans. We held in Magnus that Congress was entirely within its rights in making the decisions of the Administrator of Veterans' Affairs final, and in denying to the beneficiaries any right to contest such decisions in the courts. We adhere to and follow our decision in the Magnus case.
 
 
 11
 Plaintiff insists, however, that when he made the claim that 38 U.S.C.A. 705 and 38 U.S.C.A. 11a-2 were unconstitutional, he was entitled, under the provisions of 28 U.S.C. 2282, to have a three-judge court convened.
 
 
 12
 It is well settled that a substantial constitutional question must be presented before a three-judge court will be convened. Where it is clear as in the instant case, that the claim of unconstitutionality is entirely without merit, it is within the power of a single judge to dismiss the application. 'The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject.' California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323.
 
 
 13
 The order dismissing the complaint herein is
 
 
 14
 Affirmed.
 
 
 
 [1]
 38 U.S.C.A. Sec. 705 which was enacted in 1933, provides that all decisions rendered by the Administrator of Veterans' Affairs under specified sections of the Act, shall be final and conclusive on all questions of law and fact, and that no court of the United States shall have jurisdiction to review any such decision