**Lloyd A. SAGER, Plaintiff,**

v.

**Donald JOHNSON, Administrator, Veterans Administration, Defendant.**

**Civ. No. 71–717–Y.**

United States District Court,
D. Maryland.

Feb. 15, 1972.

Lloyd A. Sager, in pro per.

George Beall, U. S. Atty., Jean Rogers, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

In his complaint in this action plaintiff makes numerous statements concerning injuries alleged to have been inflicted on plaintiff by the Veterans Administration, as well as some apparently attributable to the Department of the Army. Plaintiff has requested this Court to review the constitutionality of 38 U.S.C.A. § 211(a), which places the award of veterans benefits within the sole discretion of the Veterans Administration, and defendant has moved to dismiss the complaint on a variety of grounds. For reasons hereinafter stated, plaintiff's request, treated as a motion for summary judgment, will be denied, and defendant's motion to dismiss will be granted.

Plaintiff attacks the constitutionality of 38 U.S.C.A. § 211(a), which provides:

"On and after October 17, 1940, . . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by any action in the nature of mandamus or otherwise."

Plaintiff says that this section "deprives American citizens of 'due process of law' by judge and jury. . . ." However, numerous courts on numerous occasions have rejected this argument. See, e.g. Barefield v. Byrd, 320 F.2d 455 (5th Cir.1963). In Milliken v. Gleason, 332 F.2d 122 (1964), the First Circuit explained the basis of the statute's constitutionality, saying that "when [Congress] creates rights in an individual

against the United States it is 'under no obligation to provide a remedy through the courts' . . . but may 'provide only an administrative remedy.' . . . Moreover, veterans' benefits are gratuities and establish no vested rights in the recipients so that they may be withdrawn by Congress at any time and under such conditions as Congress may impose." (At 123. Citations omitted.) See also United States ex rel. Farmer v. Thompson, 203 F.2d 947 (4th Cir.1953), cert. den. 352 U.S. 973, 77 S.Ct. 366, 1 L.Ed.2d 336. The issue is settled, and plaintiff's request, treated as a motion for summary judgment, will, therefore, be denied.

■ For the same reason, defendant's motion to dismiss must be granted, at least insofar as plaintiff's allegations relate to the alleged wrongful withholding of veterans' benefits. The statute is clear, and this court lacks jurisdiction over the subject matter of these allegations.

The rest of the allegations in the complaint appear to state a cause of action, if at all, only under the Federal Tort Claims Act. As such, these claims are barred by the relevant statute of limitation, 28 U.S.C.A. § 2401(b). The most recent date of injury stated in the complaint is 1943. Since § 2401(b) bars all federal tort claims unless the claim is presented in writing to the appropriate Federal Agency within two years after the claim accrues or unless action is begun within six months after the mailing of notice of denial of the claim by the agency to which it was presented, it does not appear by any stretch of the imagination that any of plaintiff's claims can have survived.

Other substantial grounds for dismissal are urged by the defendant, but this Court finds it unnecessary to pass on them.

Plaintiff's motion to have the case transferred to another judge because of a conflict of interest on the part of the Court is without legal merit. The fact that the Court was appointed by President Nixon is not enough to show disqualifying prejudice.

It is, therefore, this 15th day of February, 1972, by the United States District Court for the District of Maryland,

Ordered:

1. That plaintiff's "request for review", taken as a motion for summary judgment, be and it is hereby denied;

2. That plaintiff's motion for transfer to another District Judge is hereby denied; and

3. That defendant's motion to dismiss with prejudice be and it is hereby granted, without costs.