**Henry HERNANDEZ et al., Plaintiffs,**

v.

**VETERANS ADMINISTRATION et al., Defendants.**

**Peter MILLER et al., Plaintiffs,**

v.

**VETERANS ADMINISTRATION et al., Defendants.**

Nos. C 71–2331, C 71–2327.

United States District Court, N. D. California.

March 8, 1972.

Jack R. Petranker, Paul N. Halvonik, Charles C. Marson, San Francisco, Cal., for plaintiffs Henry Hernandez and others.

Lawrence L. Curtice, S. F. Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiffs Peter Miller and others.

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER DISMISSING ACTIONS

OLIVER J. CARTER, Chief Judge.

These two actions have been consolidated for purposes of arguing and deciding motions to dismiss made by the defendants. The following order applies to both of the above-entitled actions.

Plaintiffs have performed alternative service as conscientious objectors pursuant to the Military Selective Service Act of 1967, 50 U.S.C.App. § 456(j). On completion of their service, plaintiffs applied for educational benefits under the Veterans Readjustment Benefits Act, 38 U.S.C. §§ 1651–1687, and were denied such benefits. By these actions the plaintiffs seek injunctive relief and mandamus and also the convening of a three-judge court, 28 U.S.C. §§ 2282, 2284. Jurisdiction is based on 28 U.S.C. sections 1331, 1361 and 2201 and 5 U.S. C. § 702 et seq. The government has made motions to dismiss the actions, alleging that the Court lacks jurisdiction and that the allegations of the complaints are insubstantial.

Plaintiffs allege that the classification drawn by the Congress in giving educational benefits, 38 U.S.C. §§ 1651–1687, to veterans, 38 U.S.C. § 101, discriminates against conscientious objectors. They allege that this classification violates the Fifth Amendment because it draws an arbitrary and invidious classification and that it violates the First Amendment Establishment Clause and abridges plaintiffs' free exercise of religion. Plaintiffs request 1) that the Veterans Administration be enjoined; 2) that a writ of mandamus be issued to defendants requiring them to pay plaintiffs benefits; 3) that notice be sent informing all conscientious objectors of these benefits; 4) that § 1652 defining veterans be declared unconstitutional; and 5) requesting costs. In its motions to dismiss the government argues that this Court does not have jurisdiction to grant such relief. The Court agrees with the government's position.

In the provisions of 38 U.S.C. § 211(a), as amended, Congress stated:

"(a) On and after October 17, 1940 except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law adminis-tered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

■ The Court believes that this unambiguous statute removes any jurisdiction the Court might otherwise possess to grant the affirmative relief requested by plaintiffs. According to their own admissions, plaintiffs have been denied benefits by the Veterans Administration under its interpretation of the Veterans Act. Section 211(a) prohibits judicial review or circumvention of those actions. See Redfield v. Driver, 364 F.2d 812 (9th Cir. 1966).

Plaintiffs' requests for impaneling a three-judge court present challenges to the Veterans Act itself. However, in order for such a court to be convened the plaintiffs must demonstrate that their claims are not substantial or frivolous. Calif. Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1958); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

Plaintiffs argue that the denial of these educational benefits violates the Fifth Amendment Due Process clause and both the Establishment of Religion and Free Exercise clauses of the First Amendment to the United States Constitution. The Court believes that none of these claims are meritorious or substantial.

■ Plaintiffs have attempted to show that members of the armed forces and conscientious objectors doing alternative service are subject to the same burdens and obligations and therefore must be treated equally. Such contentions must fall of their own weight be-

cause the differences between these groups are manifest. The status of a soldier creates greater limitations on personal freedom and greater potential for hazardous duty than the status of conscientious objector. The soldier is further limited in his actions as compared to the conscientious objector by the restrictions of the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940, as amended. O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); Wallace v. Chafee, et al., 451 F.2d 1374 (9th Cir. 1971).

The Court believes that these commonly recognizable distinctions between conscientious objectors and soldiers are sufficient to warrant separate classification for the purposes of Congress. One clear purpose of the educational benefits is to encourage enlistment, 38 U.S.C. § 1652. This purpose is within Congress' power and duty "to raise . . . armies." Article I, Section 8, U. S. Constitution. The act demonstrates that Congress has decided to offer 'fringe benefits' such as this educational assistance in implementing its duty to raise armies. Therefore, conditioning the benefits upon being a "veteran" as defined in the Veterans Act, is a reasonable method to attain the Congressional goal of raising armies. For these reasons the Court believes that the classification scheme is neither arbitrary or unreasonable and therefore clearly could not violate the Fifth Amendment. See Flemming v. Nestor, 363 U.S. 603, 80 S. Ct. 1367, 4 L.Ed.2d 1435 (1960).

■ Plaintiffs have also claimed that the classification scheme is unconstitutional because it burdens the religious freedom of conscientious objectors. However it has been decided that not every governmental action which touches or burdens religion is unconstitutional. Braunfeld v. Brown, 366 U.S. 599, 81 S. Ct. 1144, 6 L.Ed.2d 563 (1961); Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). Stating the case most favorably for plaintiffs,

there is at most an indirect burden placed on religion by not granting benefits to conscientious objectors. There is no restriction placed on plaintiffs' religious opinions or actions by granting benefits to veterans. In fact the purpose of the conscientious objector exemption is to allow selective service registrants to follow their religious beliefs where they conflict with the purpose of the military. In *Braunfeld, supra,* 366 U.S. at 607, 81 S.Ct. 1144, the court said that where the state regulates conduct by enacting a law within its power, the purpose and effect of which is to advance secular goals, the statute is valid despite its indirect burden on religious observance, unless there is a less burdensome means to reach the goal.

■ As already discussed veterans legislation is well within Congress' constitutional power. The restrictions on personal freedom in the military might make the military less acceptable to many potential soldiers than some alternative civilian type service. Although there is nothing to prevent the Congress granting benefits to conscientious objectors, Congress could reasonably believe that to create attractive fringe benefits for conscientious objectors might interfere with its attempt to raise armies. Therefore the Court believes that any burden on religious freedom created by granting these educational benefits is only an indirect burden resulting from Congress' attempt to raise armies. Clearly the burden, if it exists, does not violate the Free Exercise Clause of the First Amendment. See Braunfeld v. Brown, *supra.*

Plaintiffs' last contention is that by paying educational benefits to all soldiers, the government is supporting those religions represented by soldiers in favor of those religions represented by conscientious objectors. However the Court believes that this issue was decided by the Supreme Court in Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). In *Gillette*

the court upheld the conscientious objector classification scheme of the Selective Service Act. The petitioners claimed that by allowing only those men opposed to all wars to get conscientious objector status, that the statute favors religions which do not require non-participation in all wars. In upholding the classification scheme the court concluded that the affirmative purposes underlying the classifications are neutral and secular. The court described the weakness of the petitioners' allegations in that, on its face, the statute does not discriminate on the basis of religious affiliation or belief.

In the case at bar, plaintiffs have in effect brought up the same claim but have pointed to the educational benefits as the inducement favoring those religions which do not require non-participation in all wars. The Court believes that because the classification scheme has been upheld in *Gillette* that the plaintiffs' contentions are not well taken. There are valid secular interests being met by offering these benefits as discussed above. The benefits are paid to compensate for military service, not on the basis of religious beliefs or affiliations. The Court believes that the decision in *Gillette, supra,* governs the plaintiffs' claims in this action.

Therefore, the Court finds that plaintiffs' requests for affirmative relief are not within the jurisdiction of this Court due to the mandate of 38 U.S.C. § 211(a). The Court further finds, for the reasons heretofore given, that the plaintiffs' challenge to sections 101 and 1651–1687, of Title 38 U.S.C. based on alleged violations of the Fifth and First Amendments to the United States Constitution are insubstantial and without merit.

Accordingly, it is ordered that the defendants' motions to dismiss in each of the actions, consolidated for purposes of these motions, be, and the same are hereby granted and the actions are, and each of them is hereby dismissed.