**Michael S. ROSS, Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 72-1367.**

United States Court of Appeals, Ninth Circuit.

June 28, 1972.

Rehearing Denied July 26, 1972.

Michael S. Ross, in pro. per.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Clarke A. Nicely, Asst. U. S. Attys., Los Angeles, Cal., for defendants-appellees.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant's complaint against the United States, the Veterans' Administration, the Air Force, a Naval Reserve doctor named Carden, and the members of the Veterans' Administration Rating Board and the Appeals Board was properly dismissed by the district court for want of jurisdiction of the subject matter.

The root of appellant's claim is that Dr. Carden caused a defamatory psychiatric report to be placed in appellant's file which was later used by the Rating Board to deny him veteran's benefits. He asserted that he was denied due process and that he was defamed and defrauded by the actions of the Rating and Appeals Boards. Although the complaint is in the form of a civil damage suit, the substance of the action is an attempt to obtain judicial review of a final determination by the Veterans' Administration. Title 38 U.S.C. § 211(a) forecloses judicial review, with exceptions not here material.[1] (Fritz v. Director of Veterans Administration (9th Cir. 1970) 427 F.2d 154; Redfield

v. Driver (9th Cir. 1966) 364 F.2d 812; Milliken v. Gleason (1st Cir. 1964) 332 F.2d 122, cert. denied, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703; *see* Lynch v. United States (1934) 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434.)

"When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738." (Lynch v. United States, *supra*, 292 U.S. at 582, 54 S.Ct. at 845.)

Because the jurisdictional point disposes of the litigation, it is unnecessary to discuss appellant's remaining contentions.

The judgment is affirmed.

---

1. In pertinent part § 211(a) provides: "[T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."