Henry HERNANDEZ; Thomas J. Wolf; and the Class Represented, Plaintiffs-Appellants,

v.

VETERANS' ADMINISTRATION et al., Defendants-Appellees.

Peter MILLER and Gary Lehn, Plaintiffs-Appellants,

v.

VETERANS ADMINISTRATION of the United States of America, et al., Defendants-Appellees.

Nos. 72–1655, 72–1760.

United States Court of Appeals, Ninth Circuit.

Aug. 9, 1972.

Jack R. Petranker, Lawrence L. Curtice (argued), Paul N. Halvonik, Charles C. Marson, San Francisco, Cal., for plaintiffs-appellants.

William G. Kanter (argued), Morton Hollander, Harlington Wood, Jr., Acting Asst. Atty. Gen., Washington, D. C.,

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before: HAMLIN and GOODWIN, Circuit Judges, and CRARY, District Judge.*

PER CURIAM:

Plaintiffs, purporting to represent a class of conscientious objectors who performed alternative civilian work after refusing to serve in the armed forces, appeal from a district court judgment dismissing an action in which they sought, on constitutional grounds, a judgment requiring the Veterans' Administration to furnish them certain veterans' benefits, including educational benefits, on an equal basis with persons who served on active duty in the armed forces.

The district court, 339 F.Supp. 913, 914 dismissed the plaintiffs' complaint for lack of jurisdiction, under 38 U.S.C. § 211(a) [1] and Redfield v. Driver, 364 F.2d 812 (9th Cir. 1966). *Accord*, Ross v. United States, 462 F.2d 618 (9th Cir., 1972).

The appellants argued that 38 U.S.C. § 211(a) is unconstitutional. Assuming without deciding that the Veterans Administration might take an action so egregiously discriminatory and procedurally unfair as to require a judicial re-examination of the constitutionality of the quoted section, the facts alleged in the present case do not present a substantial basis for challenging the statute.

Affirmed.

---

* The Honorable E. Avery Crary, United States District Judge for the Central District of California.

1. "On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."