559 F.2d 935
 Daniel ANDERSON, Sr. (Gladys Anderson, wife of Daniel
Anderson, Sr., substituted in the place of and
stead of Daniel Anderson, Sr.,
Deceased), Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION et al., Defendants-Appellees.
 No. 75-3926.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 16, 1977.
 
 Jack Peebles, New Orleans, La., for plaintiff-appellant.
 Gerald J. Gallinghouse, U.S. Atty., New Orleans, La., Rex E. Lee, Asst. Atty. Gen., Civ. Div., William Kanter, Atty., App. Sec., Michael F. Hertz, Atty., Dept. of Just., Washington, D.C., for defendants-appellees.
 Walter E. Kollin, Victor J. Bradbury, Metairie, La., for Veterans of Foreign Wars.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before THORNBERRY and GEE, Circuit Judges, and MARKEY,* Chief Judge.
 PER CURIAM:
 
 
 1
 Daniel Anderson, Sr., a veteran, filed this action seeking damages arising from the Veterans Administration's denial of his claim for benefits for an asserted service-related injury.[1] In this action, Anderson claims that the hearing procedures were constitutionally inadequate, and asserts that Veterans Administration officials violated his constitutional and civil rights. The district court dismissed the suit. We affirm, but do so on grounds differing from those supporting the district court's decision.
 
 
 2
 We hold that the federal courts have no jurisdiction over this case. 38 U.S.C. § 211(a) provides:
 
 
 3
 . . ., the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.
 
 
 4
 Clearly, § 211(a) does not bar suits challenging the constitutionality of the statutes underlying the veterans' benefits program. Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). This suit, however, does not challenge any statutory provision or classification. Rather it challenges, on constitutional grounds, the actions of the Administrator under the relevant statutes in determining eligibility for veterans' benefits.
 
 
 5
 The facts that this suit assumes the posture of constitutional attack, and that it seeks damages rather than remand, do not remove the case from the pall of § 211(a). See Ross v. United States, 462 F.2d 618 (9 Cir. 1972) (civil damage suit asserting denial of due process barred by § 211(a)); Milliken v. Gleason, 332 F.2d 122 (1 Cir. 1964) (§ 211(a) bars suit alleging deprivation of constitutional and civil rights by illegal seizure and use of evidence and by inadequate administrative hearing procedures); Barefield v. Byrd, 320 F.2d 455 (5 Cir. 1963) (§ 211(a) removes jurisdiction from action claiming denial of opportunity to examine evidence and to face adverse witnesses); Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207 (1941) (claim of no notice or opportunity to be heard barred by predecessor of § 211(a)).
 
 
 6
 Accordingly, we hold that § 211(a) precludes our courts from assuming jurisdiction over this case.
 
 
 7
 The judgment of the district court dismissing the case is AFFIRMED.
 
 
 
 *
 Of the U.S. Court of Customs and Patent Appeals, sitting by designation
 
 
 [1]
 After filing this appeal, Daniel Anderson died. Pursuant to F.R.A.P. 43(a), this court granted the motion of Anderson's widow and personal representative, Gladys Anderson, to be substituted as a party in Daniel Anderson's place