**Daniel Stephen BARRY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 81–222–3.**

United States District Court, D. South Carolina, Spartanburg Division.

Aug. 19, 1981.

G. Ray Harris, Spartanburg, S. C., for plaintiff.

J. D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

The plaintiff brings this action seeking service-connected disability compensation from the government, based upon physical disability allegedly the result of injury sustained in military service.

Defendant has answered and filed its Motion for Judgment on the Pleadings. Plaintiff responded to the motion, and has filed a Motion for Summary Judgment.

After a thorough review of the pleadings and the memoranda of the parties in this case, the court makes the following findings:

The fact situation, developed in the affidavit attached to defendant's motion and conceded to by plaintiff, is basically as follows: Plaintiff was injured in a fall while in the Army in 1944. The principal injury was a fractured vertebra. Contemporaneous records indicate he was drunk at the time. He was fully recovered from his injuries when separated from service in 1946. His initial claim for VA disability benefits, based upon Army medical records, resulted in a determination that any residuals of his back injury were service-connected, but that he had no residual disability sufficient to warrant the payment of compensation. Then, in 1948, VA received additional Army records revealing the alcoholic intoxication at the time of the fall. Since the statutory and regulatory criteria for service connection of disability preclude service connection of disability proximately and immediately resulting from voluntary alcoholic intoxication, VA adjudicative action was undertaken to sever service connection for any disability related to the fall in 1944. This action did not terminate any payments to Mr. Barry, since his disability had been rated as noncompensable since 1946; he had never received compensation.

Under standard procedure in effect for many years, a VA adjudicator evaluated the claim records and prepared a memorandum decision severing service connection; it was approved by an Authorization Officer, and the Adjudication Officer than notified Mr. Barry on July 9, 1948. Such notice included information apprising Mr. Barry of his right to appeal. As part of the appeal process, the claimant is entitled to a hearing if he desires one. Mr. Barry neither appealed nor pursued his claim further. Not until three decades later was he heard to complain about that 1948 adjudication.

The threshold issue is whether the court has jurisdiction over the subject matter of this case.

The complaint fails to cite a statute conferring jurisdiction upon the Federal District Court to entertain this case. The language of paragraph 2, however, seems to invoke 28 U.S.C. § 1331, which section, in pertinent part, vests such a court with original jurisdiction of civil actions against the United States which arise "under the Constitution, laws, or treaties of the United States."

Defendant contends there is no jurisdictional basis for this suit. The fundamental consideration is that the United States cannot be sued without its consent. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Plaintiff apparently views 28 U.S.C. § 1331 as a blanket waiver of sovereign immunity, but fails to note that the Supreme Court has clearly stated that the court's jurisdiction to review the action of federal agencies is subject to "preclusion of review statutes created or retained by Congress ...." *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); see also *Welch v. United States*, 446 F.Supp. 75, 77 (D.Conn.1978). A strongly worded preclusion of review statute has for years barred judicial review of the type of agency decision which plaintiff is calling into question. See 38 U.S.C. § 211(a), discussed below. Accordingly, jurisdiction under 28 U.S.C. § 1331 does not lie.

In pertinent part, 38 U.S.C. § 211(a) provides:

On and after October 17, 1940, ... the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any courts of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

■ This expression of Congressional intent to insulate VA administrative determinations from judicial review dates back nearly fifty years. Until an adverse line of decisions in the District of Columbia Circuit between 1958 and the late 1960's, *viz., Wellman v. Whittier*, 259 F.2d 163 (D.C.Cir. 1958), *Thompson v. Gleason*, 317 F.2d 901 (D.C.Cir.1962), and *Tracy v. Gleason*, 379 F.2d 469 (D.C.Cir.1967), administrative decisions by this agency had been universally held to be unreviewable. See, e.g., *Redfield v. Driver*, 364 F.2d 812 (9th Cir. 1966); *Barefield v. Byrd*, 320 F.2d 455 (5th Cir. 1963), *cert. denied*, 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed.2d 624 (1964); *Klein v. Lee*, 254 F.2d 188 (7th Cir. 1958), vacated and dismissed as moot, 358 U.S. 645, 79 S.Ct. 536, 3 L.Ed.2d 568, *reh. denied*, 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769 (1959). In the *Klein* case, the Seventh Circuit had pointed out in its holding that United States District Courts are courts of limited jurisdiction, and that Congress may confer and withdraw such jurisdiction as it sees fit. Nevertheless, the D.C. Circuit held, in the Trilogy of cases cited above, that the version of § 211(a) then in effect barred judicial review only of original claim decisions, and not VA actions taken subsequent to the initial claim.

In response to what the House Committee on Veterans' Affairs termed a "fairly tortured construction adopted by the court of appeals in *Wellman, Thompson*, and *Tracy* holdings," *supra*, Congress amended 38 U.S.C. § 211(a) to legislatively overrule them. Pub.L.No.91–376, § 8(a), 84 Stat. 787, 790 (1970). The legislative history is unambiguous: "The restated section 211(a) will make it perfectly clear that the Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors." H.R. Rep.No.1166, 91st Congress, 2d Sess. 11, reprinted in (1970) U.S.Code Cong. & Ad. News 3723, 3731.

Decisions since the 1970 amendment to section 211(a) have uniformly conceded its constitutionality, and have given it effect in holding that the administration of veterans' benefits is exclusively within the province of VA and not the federal courts. *DeRodulfa v. United States*, 461 F.2d 1240 (D.C. Cir.), *cert. denied*, 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972); *Ross v. United States*, 462 F.2d 618 (9th Cir.), *cert. denied*, 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972), reh. denied, 409 U.S. 1118, 93 S.Ct. 897, 34 L.Ed.2d 703 (1973); *Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir. 1977). Cases in the Fourth Circuit have been in accord, *Wickline v. Brooks*, 446 F.2d 1391 (4th Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 749, 30 L.Ed.2d 750, *reh. denied*, 405 U.S. 981, 92 S.Ct. 1199, 31 L.Ed.2d 257 (1972); *Sager v. Johnson*, 342 F.Supp. 351 (D.Md.1972); including a recent case in the District of South Carolina, *Knight v. United States*, 442 F.Supp. 1069 (D.S.C.1977). The more recent statement of the Fourth Circuit on this subject appears in *University of Maryland v. Cleland*, 621 F.2d 98, 100 (4th Cir. 1980): "Judicial review of a denial of benefits to an individual is clearly precluded."

The Supreme Court implicitly upheld the constitutionality of § 211(a) in *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), a case in which the court indicated the sole exception to the operation of the bar to litigation, i.e., challenges involving constitutional questions. See also *Hernandez v. Veterans Administration*, 415 U.S. 391, 94 S.Ct. 1177, 39 L.Ed.2d 412 (1974) (companion case). Taking note of the fact that judicial review of VA decisions had been barred by statutes similar to § 211(a) since 1933, the court identified a dual purpose in the no-review provision as gleaned from legislative history of the 1952 and 1970 amendments to it:

(1) [t]o insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made.

415 U.S. at 370, 94 S.Ct. at 1167 (footnotes omitted). In *Robison*, plaintiffs were questioning the constitutionality of a veterans' benefits program, and the court held that subsection 211(a) could not bar such a court challenge. Nevertheless, the court clearly upheld the validity of the finality statute in cases involving "those decisions of law or fact that arise in the *administration* by the Veterans Administration of a *statute* providing benefits for veterans [i.e.,] the interpretation or application of a particular provision of the statute to a particular set of facts." 415 U.S. at 367, 94 S.Ct. at 1165 (emphasis in original).

■ Several cases decided since *Johnson v. Robinson* have expanded the area in which actions by VA may be challenged in court; however, the basic principal that individual, fact-specific claims for benefits are final, once determined by the agency, has been preserved. *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978); *Merged Area X (Ed.) v. Cleland*, 604 F.2d 1075 (8th Cir. 1979); and *Evergreen State College v. Cleland*, 621 F.2d 1002 (9th Cir. 1980), all involved challenges to the validity of VA regulations. There the courts interpreted *Robison* to indicate that individual VA decisions on claims are nonreviewable in court, but that challenges to the constitutional or statutory authority underlying the promulgation of regulations are judicially cognizable. See *Evergreen State, supra*, at 1008. In *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md.1975), and *Devine v. Cleland*, 616 F.2d 1080 (9th Cir. 1980), the courts entertained constitutional challenges to VA procedures whereby benefit entitlements were terminated. The cases were grounded, in significant part, upon the theory that a recipient of VA benefits had a "property interest" in continuing such receipt. Neither case involved a claimant for initial receipt of benefits, i.e., one who had not previously been receiving compensation or some other benefit from the Veterans Administration. In fact, both cases followed the Supreme Court's analysis in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), whereby a "crucial factor" to be considered was that "termination

of aid pending a resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits." *Goldberg, supra*, at 264, 90 S.Ct. at 1018. The instant case, of course, involves no such deprivation, but merely constitutes an attempt to obtain court review of the merits of a claim determination made many years ago.

■ Plaintiff attempts to cloak his lawsuit in the constitutional mantle of the Fifth Amendment, alleging that the decision to terminate service connection for his noncompensable back injury residuals in 1948 was made at a hearing at which he was not present and of which he was not notified. The simple answer is that there was no hearing; none was called for, and none was requested. The determination was made, based upon the evidence of record as applied to the laws and regulations, and Mr. Barry was notified of his right to appeal. Had he elected to appeal the decision, he could have availed himself of the opportunity to attend a hearing, with representation at his option. Instead, he has waited more than 32 years and now accuses VA of violating his due process rights.

■ As for the plaintiff's implication, in paragraph 6 of the Complaint, that some violation of his rights took place when he made a statement to military personnel while not represented by counsel, it must be noted that the conduct of that investigation had no relevancy to the subsequent VA determination. The VA renders decisions on "service connection" based upon a full, independent review of the entire record, and is not bound by a military finding that an injury was of misconduct origin. See 38 C.F.C. § 3.303(a).

There has existed, since 1933, a Board of Veterans Appeals (BVA), in Washington, D. C., which is empowered to conduct *de novo* review of any unfavorable action on a claim for VA benefits. Created by Presidential Executive Order, BVA currently draws its authority from chapter 71 of Title 38, United States Code, and has rules of practice set out at 38 C.F.R., Part 19. The Board con-

ducts hearings at the request of any claimant. Mr. Barry requested neither an appeal nor a hearing after service connection was severed in 1948, nor has he ever availed himself of a VA hearing on his claim. In other words, the process which was due him in this case was provided for in the agency's procedures, but he chose not to exercise his afforded rights.

The Supreme Court held in *Bell v. Hood*, 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), that a federal court may dismiss a case for want of jurisdiction "where the alleged claim under the Constitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." See *Bush v. State Industries, Inc.*, 599 F.2d 780, 784–785 (6th Cir. 1979); *Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981).

An action which assumed the guise of a civil damage suit, based on alleged violation of due process because of allegedly defamatory psychiatric report was used by VA to deny disability benefits, was dismissed on the basis of § 211(a), since the court astutely recognized that, despite its form, "the substance of the action is an attempt to obtain judicial review of a final determination by the Veterans Administration". *Ross v. United States*, 462 F.2d 618, 619 (9th Cir. 1972). More recently, the 5th Circuit had occasion to rule in an appeal involving VA denial of disability compensation benefits in which it was contended that the administrative hearing procedures were inadequate and that VA officials violated a claimant's constitutional and civil rights. Citing *Ross, id.*, the court pointed out that "The facts that this suit assumes the posture of constitutional attack, and that it seeks damages rather than remand, do not remove the case from the pall of § 211(a)." *Anderson v. Veterans Administration*, 559 F.2d 935, 936 (5th Cir. 1977).

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings is granted, and this suit is dismissed.

AND IT IS SO ORDERED.