**Charity Lee BROOKS, Plaintiff,**

v.

**Max CLELAND, Administrator of Veterans Administration, and the Veterans Administration, Defendants.**

Civ. A. No. 80–71999.

United States District Court, E. D. Michigan, S. D.

Jan. 28, 1982.

Wayne County Neighborhood Legal Services by Robert F. Gillett, Detroit, Mich., for plaintiff.

Leonard Gilman, U. S. Atty. by Francis L. Zebot, Asst. U. S. Atty., Detroit, Mich., for defendants.

OPINION

GILMORE, District Judge.

This action challenges defendants' determination that plaintiff is not entitled to retroactive dependency and indemnity compensation benefits for the death of her nephew, Gordon Butler, and is before the Court on cross motions for summary judgment.

Gordon Butler, a deceased veteran, was in active military service from February 1968 to December 1970. He died in December 1971 of service-connected disabilities. Plaintiff, his aunt, was in loco parentis to Mr. Butler at all pertinent times.[1]

---

1. After Mr. Butler's death, plaintiff received certain Veterans Administration benefits. On January 7, 1972, plaintiff signed an application by a funeral director for burial allowance. Burial benefits were paid directly to the funeral home on January 29, 1972. On January 21, 1972, plaintiff Brooks executed a claim for reimbursement for burial expenses from accrued amounts due the deceased. On February 3, 1972, plaintiff was notified that the claim for accrued benefits was denied because there were no benefits payable to the veteran at the time of his death. In February 1972, plaintiff Brooks executed the forms required to claim the proceeds of her nephew's life insurance policy. Plaintiff was awarded the National Service Life Insurance benefits on February 11, 1972. None of these actions is in dispute in the instant case.

Plaintiff's claim arises out of the following series of events. In May 1978, plaintiff wrote the VA stating that she had been trying to obtain part of her nephew's pension since his death. In July 1978, the VA informed plaintiff that she might be entitled to benefits as a foster parent of the veteran. In November 1978, the VA informed plaintiff that she would receive dependency and indemnity compensation benefits (hereinafter D.I.C. benefits) effective May 1978 (the date of plaintiff's informal application). In November 1978, plaintiff submitted a "Notice of Disagreement" stating that the award of the parent's D.I.C. benefits should be retroactive to the date of the veteran's death in 1971. A hearing was held at the Veterans Administration Detroit Regional Office in September 1979 and, on March 17, 1980, the Board of Veterans Appeals denied plaintiff's claim for an earlier effective date of the award of D.I.C. benefits. The Board found that the plaintiff failed to submit or attempt to submit a claim for D.I.C. benefits before May, 1978. Thus, under the applicable regulations, the plaintiff was not entitled to retroactive benefits from 1971 to 1978.

Plaintiff then instituted this action claiming that her eligibility for benefits should relate back to the date of her nephew's death or the date of her contacts with the agency. Specifically, she contends that she appeared at the Veterans Administration in 1971 and 1972 and took sufficient steps to pursue her claim for D.I.C. benefits, but the agency failed to properly advise her of her rights. She also claims that her inquiry about death pension benefits in 1972 should be construed as an informal application for D.I.C. benefits. Plaintiff further argues that the agency failed to advise her and provide her with the proper applications for benefits as required under 38 U.S.C. § 3002 (1976) and 38 C.F.R. § 3.155 (1980), and thus cannot refuse to grant retroactive benefits.[2]

The threshold issue is whether this Court has jurisdiction. Defendants contend that 38 U.S.C. § 211(a) precludes federal court jurisdiction over plaintiff's claims.

Section 211(a) provides, in pertinent part: [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

In *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Supreme Court considered the scope of § 211(a), and held that while § 211(a) bars judicial review of decisions of the Administrator, it does not preclude federal court jurisdiction of constitutional challenges to veterans benefits legislation. In interpreting § 211(a), the Court indicated that the prohibitions of § 211(a) would apply to decisions "made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts." 415 U.S. 367. The Court reasoned that application of § 211(a) to attacks on the constitutionality of the statute itself would not serve the two primary purposes

**2.** 1. 38 U.S.C. § 3002 reads:

§ 3002. Application forms furnished upon request

Upon request made in person or in writing by any person claiming or applying for benefits under the laws administered by the Veterans Administration, the Administrator shall furnish such person, free of all expense, all such printed instructions and forms as may be necessary in establishing such claim.

⁀ 38 C.F.R. § 3.155 reads, in pertinent part:
⁀ 155 Informal claims.
⁀y communication or action, indicat‑
⁀ntent to apply for one or more bene‑

fits under the laws administered by the Veterans Administration from a claimant, his duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

of the provision—namely, to avoid burdensome litigation over benefit claims and to promote uniformity in veterans benefits policies. Thus, the plaintiff in *Johnson*, who sought a declaratory judgment that certain statutory provisions violated the First and Fifth Amendments, was not prohibited from seeking judicial relief by § 211(a).

Since *Johnson*, lower federal courts have held that § 211(a) does not preclude judicial review of constitutional challenges to the regulations, procedures, or policies promulgated by the agency, or of allegations that the administrator has exceeded his statutory authority. For example, in *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir. 1978), the court found that § 211(a) did not bar suits challenging the Administrator's authority to issue regulations. *Accord, Evergreen State College v. Cleland*, 621 F.2d 1002 (9th Cir. 1980). Similarly, in *Devine v. Cleland*, 616 F.2d 1080 (9th Cir. 1980), the court held that § 211(a) did not preclude jurisdiction where the plaintiffs alleged that the procedures used to suspend and terminate benefits violated the Fifth Amendment. The court stated:

> No plaintiff herein is challenging a *substantive* decision by the VA to suspend, reduce, set off or terminate an individual's educational benefits.... The sole issue before the Court involves the nature and extent of due process procedural re-

quirements.... Thus, the issue is not whether the Administrator ruled incorrectly on the class' entitlement to benefits, but whether Due Process compels certain procedural safeguards in advance of such rulings. 616 F.2d at 1084.

At first glance, the instant case seems to fit within the exceptions to § 211(a). The second and third counts of the complaint state that an agency regulation, 38 C.F.R. § 3.109(b),[3] violates the plaintiff's right to due process and directly conflicts with the governing statute. The plaintiff contends that this challenge to the constitutionality of the regulation provides the requisite jurisdictional basis.

 However, upon close examination, it appears that this Court cannot assume jurisdiction over plaintiff's claim. A review of the administrative record indicates that the Board of Veterans Appeals did not rely on the challenged regulation in denying retroactive benefits. In its "Conclusion of Law," the Board stated: "The evidence does not establish that the appellant is entitled to an earlier effective date for parents' dependency and indemnity compensation benefits in that neither an informal claim nor a formal claim therefor was filed prior to May 16, 1978." *In the Appeal of Charity Brooks in the Case of Gordon Butler*, Board of Veterans Appeals Docket No. 79–30249 at 6 (March 17, 1980)[4].

---

**3.** 38 C.F.R. § 3.109(b) reads, in pertinent part:
> Failure to furnish a potential claimant any form or information concerning the right to file claim for ... dependency and indemnity compensation, or to furnish notice of the time limit for the filing of a claim or submission of evidence will not extend the time allowed for these actions.

**4.** In its discussion of plaintiff's claim, the Board of Veterans Appeals stated:
> There is no evidence that the appellant appeared in person at the Veterans Administration regional office to discuss or apply for any other death pension benefits. Accordingly, the evidence of record fails to establish that the appellant submitted or tried to submit an informal claim for any benefit other than reimbursement of funeral expenses or reimbursement of accrued benefits. Under the above-cited regulations, an informal claim for parents' dependency and indemnity

compensation benefits would have to identify the benefits sought; that was not done in this case.
> As for the contention of the appellant's representative that 38 U.S.C. 3002 mandated a responsibility on the part of the Veterans Administration to assist the appellant with printed instructions and forms in her claim for benefits, there is no evidence that the Veterans Administration failed in that responsibility. From the record, it does not appear that the appellant was claiming or trying to claim parents' dependency and indemnity compensation benefits and that the Veterans Administration failed or neglected to supply her with information and forms for such a claim, prior to 1978.
> In view of the foregoing, and in light of the applicable laws and regulations cited above, the Board is of the opinion that the evidence does not provide a reasonable basis for an allowance of the claim.

Thus, the principal basis for the denial of benefits was the Board's finding that plaintiff had never made a claim for benefits. Under § 211(a), such findings of fact are not subject to review by this Court. The question whether the regulation is unconstitutional or in violation of the statute is irrelevant to a determination of plaintiff's claim. Since the case does not actually present a challenge to the constitutionality of a regulation, this Court lacks jurisdiction.

■ Plaintiff also argues that the findings of the Board violate due process because they contradict the plaintiff's unrebutted testimony. This allegation is, in essence, a challenge to the Administrator's findings of fact and subsequent decision to deny benefits. This is precisely the type of claim that the courts are prohibited from reviewing by § 211(a) *See Devine v. Cleland, supra; Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir. 1977).

For the reasons given above, plaintiff's motion for summary judgment is hereby denied; defendants' motion for judgment on the pleadings is hereby granted.