**Stephen MAROZSAN, Plaintiff,**

v.

**The UNITED STATES of America and The Veterans Administration, Defendants.**

**No. S 84–500.**

United States District Court, N.D. Indiana, South Bend Division.

April 30, 1986.

Philip R. Skodinski, South Bend, Ind., for plaintiff.

David H. Kreider, Asst. U.S. Atty., South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On August 15, 1984, plaintiff filed a complaint against the United States of America, U.S. Attorney General, The Veterans Administration, Harry N. Walters, Administrator, R.L. Hornbarger, Regional VA Adjudication Officer of Indiana, The National American Legion, Robert E. Lyngh, Director of Veterans Affairs & Rehabilitation and the National American Legion Executive Officers, seeking five (5) million dollars in damages. On October 16, 1984, plaintiff filed an Amended Complaint naming the United States of America, The Veterans Administration and National American Legion as defendants. In his Amended Complaint, the plaintiff alleges that the Veterans Administration (V.A.) harassed him, failed to abide by Title 38 and its own rules and regulations, utilized a quota system and that the "use and existence of 38 U.S.C. Sec. 211 denies the Plaintiff due process of law, and the existence of violations permits the court to review Plaintiff's case pursuant to 5 U.S.C. § 42." The relief requested by plaintiff with respect to his claim against the V.A. was restoration of plaintiff to his proper disability, retroactive benefits to day of disability and five million dollars ($5,000,000.00) in damages. In support of his claim against the National American Legion, the plaintiff alleges that R.E. Lyngh, Director of Veterans Affairs and Rehabilitation for the National American Legion gave false and erroneous statements in his testimony before the congressional subcommittee on Oversights and Investigations and collaborated and conspired with the V.A. Plaintiff further alleged that the National American Legion had direct knowledge of the V.A.'s violations of Federal statutes and regulations and use of quota system but failed to advise the membership of those activities. On November 16, 1984, oral argument was held on the motions to dismiss filed by the various defendants At that time, all the defendants except the United States of America and the Veterans Administration were dismissed and the motion to dismiss filed by those two remaining defendants was converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. All parties have fully briefed the issues and the matter is ripe for ruling. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.Proc. 56(c).

The United States of America, as sovereign, cannot be sued without its consent and the terms of its consent define the court's jurisdiction to entertain a suit. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Any waiver of this immunity must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). Thus, if there is no statute granting jurisdiction generally over actions against the federal government, its officers or agencies, then such actions must find independent grounds for jurisdiction. Wright, Law of Federal Courts § 22 (West Publishing Co. 1983).

Section 211(a) of Title 38, United States Code, provides as follows:

(a) On and after October 17, 1940, except as provided in sections 775, 784, and as

to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

The plain language of this statute unequivocally bars a court from hearing and reviewing an action challenging a decision of the V.A., even when a plaintiff alleges that the decision violates his constitutional rights. *See, e.g. Anderson v. Veterans Administration,* 559 F.2d 935 (5th Cir. 1977); *Ross v. United States,* 462 F.2d 618 (9th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972); *DeRodulfa v. United States,* 461 F.2d 1240 (D.C.Cir. 1972); *Mulvaney v. Stetson,* 470 F.Supp. 725 (N.D.Ill.1979); *see also Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Thus, to the extent that plaintiff's Amended Complaint challenges the decision of the V.A., it must be dismissed for lack of subject matter jurisdiction.

■ The Plaintiff's Amended Complaint also challenges the constitutionality of 38 U.S.C. § 211(a) on equal protection grounds under the Fifth Amendment of the Constitution of the United States and that claim is not barred by the "no judicial review" provision of Section 211(a). *Johnson v. Robison, supra; Mulvaney v. Stetson,* 470 F.Supp. at 729. Plaintiff's basic argument in support of this claim is that veterans are treated differently by being denied judicial review of their claims for entitlement to benefits and that the classification of veterans for such a purpose is unfair and unreasonable. The court does not find this argument persuasive.

■ The Fifth Amendment of the Constitution of the United States, although couched in due process terms, includes the concept of equal protection of the laws. *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). Accordingly, "[t]he United States, as well as each of the several States, must accord every person within its jurisdiction the equal protection of the laws." *Eskra v. Morton,* 524 F.2d 9 (7th Cir.1975). An individual's right to equal protection of the laws does not, however, deny Congress the power to treat different classes of persons in different ways.

The Supreme Court of the United States has developed a bifurcated approach for analyzing equal protection claims. If legislation affects a fundamental right or involves a suspect class, the legislation is subject to "strict scrutiny" and can be upheld only if a compelling governmental justification is demonstrated. *Johnson v. Robison,* 415 U.S. at 374 n. 13, 94 S.Ct. at 1169 n. 13, 14. When neither a suspect class nor a fundamental right is involved, a court then applies the "rational basis" standard which only requires that the legislative classification be reasonable and rationally related to legitimate governmental objectives. *See, e.g., Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

■ V.A. beneficiaries and V.A. benefit programs do not fall within the "strict scrutiny" guidelines outlined above. Eligibility for veterans benefits does not depend upon the accident of birth or the vagaries of fate and veterans are not an historically persecuted class. *See, e.g., Johnson v. Robison, supra; Frontiero v. Richardson,* 411 U.S. 677, 685, 93 S.Ct. 1764, 1769, 36 L.Ed.2d 583 (1973); *San Antonio School District v. Rodriquez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973); *Graham v. Richardson,* 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971). Nor, are veterans benefits a fundamental right. *Cf. Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (interstate movement a fundamental right); *Harper v. Virginia Bd. of Elections,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (voting a fundamental right); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (procreation a funda-

mental right); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (certain procedural right in criminal cases are fundamental) with *Johnson v. Robison, supra*, (veterans education benefits not a fundamental right); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (social security disability benefits not a fundamental right); *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) (welfare benefits not a fundamental right). Accordingly, the court must apply the lower tier of equal protection analysis in this case, or in other words, the "legislation [must] classify the persons it affects in a manner rationally related to legitimate governmental objectives." *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–81, 67 L.Ed.2d 186 (1981).

The rational basis test was described in *Johnson v. Robison, supra* as follows:

> "[A]lthough an individual's right to equal protection of the laws does not deny ... the power to treat different classes of persons in different ways[;] ... [it denies] the power to legislate that different treatment be accorded to persons placed by a criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the objection of the legislation, so that all persons similarly circumstanced shall be treated alike.'"

415 U.S. at 374–75, 94 S.Ct. at 1169–70; *see also Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982); *Mathews v. DeCastro*, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976); *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561–62, 64 L.Ed. 989 (1920); *Reed v. Reed*, 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–54, 30 L.Ed.2d 225 (1971); *Peterson v. Lindner*, 765 F.2d 698, 705 (7th Cir.1985); *Sklar v. Byrne*, 727 F.2d 633, 636 (7th Cir.1984). An equal protection analysis must begin with the proposition that equal protection only requires like treatment of persons similarly situated. *Reed v. Reed, supra* at 75, 92 S.Ct. at 253; *Clark v. United States*, 691 F.2d 837, 841

(7th Cir.1982). Thus, if persons are not similarly situated, equal protection does not require that they be treated the same. Plaintiff's basic argument with respect to this issue is that veterans are denied judicial review of V.A. decisions whereas Social Security disability and general welfare recipients have judicial review rights. There are significant differences between these three groups that indicate they are not "similarly situated" for purposes of equal protection analysis although in a very superficial sense they may be similar in that they have applied for or are receiving financial assistance from the government. The class of persons entitled to general welfare assistance is defined in terms of need. A Social Security disability applicant or recipient is in a different position vis-a-vis the Federal Government than a veteran seeking disability benefits. Social Security recipients contribute to the program whereas veterans do not. If 38 U.S.C. § 211(a) provided judicial review for some decisions of the V.A., with respect to veteran benefits such as education benefits but not disability benefits for instance, the plaintiff might have a different case but that is not plaintiff's claim in this case. Accordingly, plaintiff's equal protection claim must fail.

■ Plaintiff's equal protection claim fails even if it were conceded that general welfare recipients, Social Security disability recipients and veteran disability recipients were similarly situated since 38 U.S.C. § 211(a) bears a rational relationship to a legitimate state end. Legislation is presumed to be rational and the party challenging it bears the heavy burden of demonstrating that "the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational." *Peterson v. Lindner*, 765 F.2d at 705; *see Hodel v. Indiana*, 452 U.S. 314, 322, 101 S.Ct. 2376, 2382, 69 L.Ed.2d 40 (1980); *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Congress' objectives and purposes in enacting section 211(a) were (1) to insure that veter-

ans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made. *Johnson v. Robison*, 415 U.S. at 369–73, 94 S.Ct. at 1166–69. These objectives are certainly legitimate and the no review clause bears a rational relationship to these objectives. Whether Congress made the wisest choice by enacting 38 U.S.C. § 211(a) is beside the point. Further, the fact that some legislators believe that the statute should be repealed or changed and the fact that there may have been unfortunate incidents that occurred as a result of the no judicial review clause with respect to V.A. benefit determinations do not have any bearing on the determination of whether 38 U.S.C. § 211(a) is unconstitutional. This court may sympathize with plaintiff's plight and the plight of other veterans but that provides no basis for relief in this case. The plaintiff is in the wrong forum and should be seeking the relief requested in this case from Congress.

This court, being a court of limited jurisdiction, can only exercise the jurisdiction conferred upon it by the Constitution and laws of the United States. Section 211(a) specifically prohibits this court from exercising jurisdiction over plaintiff's claims with respect to the decision of the V.A. regarding his entitlement to V.A. disability benefits. Further, this court found that the plaintiff's claim that 38 U.S.C. § 211(a) violated his rights as guaranteed by the Fifth Amendment to the Constitution of the United States not supported by law and evidence. Justice Frankfurter once remarked that there is not a judicial remedy for all the ills of society. There is not a federal court judicial remedy for this plaintiff on the basis of this record. Accordingly, Defendants' Motions for Summary Judgment are hereby GRANTED. Each party will bear its own costs.