Theresa MILLIKEN, Plaintiff, Appellant,

v.

J. F. GLEASON, Jr., in his capacity as Administrator of Veterans' Affairs, Defendant, Appellee.

No. 6266.

United States Court of Appeals First Circuit.

Heard April 7, 1964.

Decided May 21, 1964.

Milton Stanzler, Providence, R. I., with whom Richard A. Skolnik and Abedon, Michaelson & Stanzler, Providence, R. I., were on brief, for appellant.

Alan S. Rosenthal, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., Raymond J. Pettine, U. S. Atty., and J. F. Bishop, Atty., Dept. of Justice, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

This is an appeal *in forma pauperis* from an order of the United States District Court for the District of Rhode Island dismissing an amended complaint. The complaint is cast in the form of a petition for declaratory judgment under Title 28 U.S.C. § 2201 and is in two counts. It challenges action of the Board

on Waivers and Forfeitures affirmed by the Board of Veterans' Appeals forfeiting pension benefits under laws administered by the Veterans' Administration for fraud as provided in Title 38 U.S.C. § 3503(a). The first count alleges facts which it is asserted disclose an error in the application of pertinent law. In the second count the appellant seeks a declaration that she "was deprived of her constitutional and civil rights" by the illegal seizure and use of evidence against her and by the intimidation and physical assault upon her by an agent of the Administrator of Veterans' Affairs and a declaration that she had been deprived of due process of law because of inadequacies of administrative hearing procedures. Wherefore as relief the plaintiff seeks a declaration that the administrative action forfeiting her pension rights for fraud is null and void.

 Regardless of its form the plaintiff-appellant's suit is in clear purpose and effect one to have reviewed and set aside an order of the Veterans' Administration termininating pension benefits theretofore paid to her. But Title 38 U.S.C. § 211(a) provides with exceptions of no present materiality that " * * decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision." This command is categorical, and it is within the power of Congress to issue the command for when it creates rights in an individual against the United States it is "under no obligation to provide a remedy through the courts", United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919), but may "provide only an administrative remedy." Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738 (1926). See Marshall v. Crotty, 185 F.2d 622, 628 (C.A.1, 1950).

Moreover, veterans' benefits are gratuities and establish no vested rights in the recipients so that they may be withdrawn by Congress at any time and under such conditions as Congress may impose.

We affirm on Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207, cert. denied, 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552 (1941); Sinlao v. United States, 106 U.S.App.D.C. 263, 271 F.2d 846 (1959) and Barefield v. Byrd, 320 F.2d 455 (C.A.5, 1963), cert. denied, 376 U.S. 928, 84 S.Ct. 675, 11 L.Ed.2d 624 (1964), and cases cited. Wellman v. Whittier, 104 U.S.App.D.C. 6, 259 F.2d 163 (1958), on which the appellant relies, is quite different in its facts and is readily distinguishable.

Judgment will be entered affirming the order of the District Court.