**Robert H. MACOMBER**

v.

**UNITED STATES of America.**

**Civ. A. No. 4574.**

United States District Court,
D. Rhode Island.

Dec. 14, 1971.

Oscar M. David, William J. Gearon; Providence, R. I., for plaintiff.

**198**

Lincoln C. Almond, U. S. Atty., and Joseph C. Johnston, Jr., Asst. U. S. Atty., for District of R. I., Providence, R. I., for defendant.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

PETTINE, Chief Judge.

Plaintiff, a member of the United States Navy, seeks damages from the government for loss of household effects. In June 1968, pursuant to orders changing his duty station, plaintiff's furniture and household effects were allegedly moved from San Diego, California, to Newport, Rhode Island, and storage was authorized for a six-month period at government expense pursuant to regulations of the Secretary of the Navy. This six-month period, according to the allegations of the complaint, expired on January 2, 1969, and plaintiff's furniture was then removed from storage at government expense to another storage company without the plaintiff's knowledge. Plaintiff's efforts to learn where the furniture was stored were unsuccessful and consequently he was unable to insure it against loss. On February 19, 1969, plaintiff was informed by Navy officials that his household effects had been destroyed by fire the day before. The complaint alleges the claim was incident to service and prays for damages of approximately $5,000.

Plaintiff's administrative claim for reimbursement was denied by First Naval District headquarters and by the Judge Advocate General of the Navy. Administrative appeal was made from this decision in accordance with Navy regulations. The decision denying the claim was affirmed.

The plaintiff having exhausted his administrative remedies under the Military Personnel and Civilian Employees' Claims Act, (MCA) 31 U.S.C. §§ 240–243 now seeks judicial review arguing that the Administrative Procedure Act (APA) Title 5 U.S.C. § 551 et seq. is the proper vehicle toward that end.

Defendant has moved to dismiss for lack of jurisdiction on the ground that neither Congress nor decisional law has granted such authority.

The present Act (MCA) is an amendment of 10 U.S.C. § 2731 et seq. granting claims settlement authority to the military departments and to the Coast Guard under 14 U.S.C. § 490. I find no reported decisions concerning judicial review of an administrative determination of a claim under the present code.

Plaintiff's amended complaint alleges that jurisdiction is founded in the APA. However, the threshold question is whether the APA is applicable at all.

The scope of application of the APA is defined in 5 U.S.C. § 701(a), which provides:

"This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law."

The issue at bar then is whether the Military Personnel and Civilian Employees' Claims Act precludes judicial review or commits agency action to agency discretion. For reasons stated infra I find judicial review is precluded.

The key section regarding judicial review of determinations on claims made under the MCA is 31 U.S.C. § 242, which states:

"Notwithstanding any other provision of law, the settlement of a claim under sections 240–242 is final and conclusive."

Denial of a claim is within the definition of settlement of a claim. 31 U.S.C. § 240(3).

Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L. Ed.2d 681 (1967) teaches that

" . . . judicial review of final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress

. . . [T]he Administrative Procedure Act . . . embodies the basic presumption of judicial review to one 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702, *so long as no statute precludes such relief or the action is not one committed by law to agency discretion. 5 U.S.C. § 701(a)."* 387 U.S. at 140, 87 S.Ct. at 1511 (citations omitted and emphasis added).

Only upon "a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Abbott Laboratories, supra,* at 141, 87 S.Ct. at 1511, citing Rusk v. Cort, 369 U.S. 367, 82 S. Ct. 787, 7 L.Ed.2d 809. "A clear command of the statute will preclude review; and such a command of the statute may be inferred from its purpose." Barlow v. Collins, 397 U.S. 159, 167, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970).

Thus while *Abbott Laboratories* and its progeny establish a presumption in favor of judicial review they do not alter the exclusionary provisions of 5 U. S.C. § 701(a).

Support for the argument that Congress intended to preclude judicial review of claim settlements under 31 U.S. C. § 241 is found in the language of the Act itself, in its legislative history and in case law construing the statutory predecessors to the Act. The Act itself at § 242 provides that "settlement of a claim * * * is final and conclusive." A similar "final and conclusive" provision in 38 U.S.C. § 211(a) was held to preclude judicial review of administrative action which forfeited a Veteran's Administration pension, Milliken v. Gleason, 332 F.2d 122 (1st Cir. 1964), cert. den. 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703.

Further, the legislative history of the Act illustrates that it was the understanding of Congress that this Act precluded judicial review. Included in the Senate Report on the Act, S.Rep. 1423, 1964 U.S.C.C. & A.N., pp. 3407–3416, is a letter from the Assistant Secretary of the Interior to the Chairman of the Judiciary Committee, which states, at pp. 3414–3415:

"No provision is made for appeal to the courts. On the contrary, the bill provides that the administrative settlement of a claim is final and conclusive."

The report also states that the predecessors to the Act, 10 U.S.C. § 2731, the Military Personnel Claims Act and 14 U.S.C. § 490, which applied to the Coast Guard, contain similar "final and conclusive" language. 1964 U.S.C.C. & A.N., p. 3412.

Construing the Military Personnel Claims Act of 1945, the Ninth Circuit Court of Appeals in Preferred Insurance Company v. United States, 222 F.2d 942 (9th Cir. 1955), cert. den. 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747 stated:

"The Act does not provide for judicial review of administrative action on claims; but even if it did, administrative findings of fact would have to be accepted by a court unless arbitrary, capricious or without evidentiary support."

222 F.2d at 947.

■ For the above reasons I hold that Congress intended to preclude judicial review of such claims under the Military Personnel and Civilian Claims Act of 1964, 31 U.S.C. § 240 et seq. Thus the Administrative Procedure Act is not applicable, 5 U.S.C. § 701(a). I do not reach the issue of whether settlement of claims under the MCA is action committed to agency discretion under 5 U.S.C. § 701(a). Holding as I do that the APA does not apply to this case, I have no occasion to reach the issue of whether the APA itself contains a jurisdictional grant. No constitutional claims having been made, I would note that this decision rests solely on statutory grounds. So ordered.