Frederick A. TALSTROM,

v.

The UNITED STATES.

No. 397–82C.

United States Claims Court.

July 8, 1983.

Frederick A. Talstrom, pro se.

Donnie Hoover, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

SETO, Judge:

Plaintiff, Mr. Talstrom, seeks reimbursement for the loss of personal property stolen from plaintiff's car while he was under U.S. Army traveling orders.

This court grants defendant's motion for judgment on the pleadings, finding that the Military Personnel and Civilian Employee's Claims Act (MPCECA) precludes judicial review of the Army's decision denying plaintiff's claim.

### FACTS

Plaintiff, a civilian employee of the U.S. Army, had his luggage stolen from his car in Modena, Italy, while he was traveling under U.S. Army orders. Plaintiff brought a claim for $634.89 as compensation for the stolen luggage. The claim is governed by the Military Personnel and Civilian Employee's Claims Act (MPCECA), which provides for settlement of claims made by an employee of a military agency for loss or damage to personal property incident to service. 31 U.S.C. § 3721(b) (1982). The Staff Judge Advocate of the Army denied plaintiff's claim determining that plaintiff acted negligently in handling his luggage. Plaintiff appealed the decision to the U.S. Army Claims Service. The Army Claims Service denied plaintiff's claim as well as two subsequent appeals by plaintiff. Plaintiff also unsuccessfully appealed to several outside government agencies.

Plaintiff instituted the present action requesting reversal of the Army's decision and a money judgment for the amount of his loss. Plaintiff maintains that he followed Defense Transportation Office Regulations and used care in locking the suitcases in his car after concealing them from view.

### DISCUSSION

■ The MPCECA governs claims by an employee of a military agency, against the U.S. Government, for damage to or loss of personal property occurring incident to service. The statute provides:

The head of an agency may settle and pay not more than $25,000 for a claim against the Government made by a member of the uniformed services under the jurisdiction of the agency or by an officer or employee of the agency for damage to, or loss of, personal property incident to service. [31 U.S.C. § 3721(b) (1982)].

An employee seeking recovery against the Government for loss of or damage to personal property occurring incident to service, is restricted to recovery under this statute.[1] Since plaintiff's luggage was stolen while he was on Army traveling orders (i.e., incident to service), plaintiff's exclusive remedy is under the MPCECA.

■ The issue before this court is whether the Army's denial of plaintiff's claim under the MPCECA is subject to judicial review. Under the Administrative Procedure Act (APA), judicial review of agency action is presumed. 5 U.S.C. § 702 (1976). The APA applies *unless* judicial review is precluded by statute or the agency is given discretion to act. 5 U.S.C. § 701(a) (1976). The U.S. Supreme Court has stated:

1. The U.S. Supreme Court has distinguished between injury to a military employee occurring incident to service and injury occurring outside of service, holding that when the injury is incident to service an employee cannot sue the government under the Federal Tort Claims Act. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The courts have extended this distinction to property damage or loss occurring incident to service; thus restricting the claimant to his remedy under the MPCECA. *Barr v. Brezina Construction Co.,* 464 F.2d 1141 (10th Cir.1972), *cert. denied,* 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1973); *Preferred Insurance Company v. United States,* 222 F.2d 942 (9th Cir.), *cert. denied,* 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747 (1955); *Zoula v. United States,* 217 F.2d 81 (5th Cir.1955).

[J]udicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress .... [T]he Administrative Procedure Act ... embodies the basic presumption of judicial review to one 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute', 5 U.S.C. § 702, so long as no statute precludes such relief or the action is not one committed by law to agency discretion, 5 U.S.C. § 701(a). [*Abbott Laboratories v. Gardner*, 387 U.S. 136, 141–142, 87 S.Ct. 1507, 1511–1512, 18 L.Ed.2d 681 (1967)].

This court finds that the MPCECA does preclude judicial review of agency settlement of an employee's claim. The language of the statute strongly supports the conclusion that Congress intended it to preclude judicial review of an agency decision. The statute stipulates that, "[s]ettlement of a claim under this section is *final and conclusive.*" 31 U.S.C. § 3721(k) (1982) (Emphasis supplied). "Settlement" is defined to include the disposal of a claim by "disallowance or by complete or partial allowance." 31 U.S.C. § 3721(a)(3) (1982). Therefore, the Army Claims Service's denial of plaintiff's claim constituted "settlement" within the meaning of the statute. This statutory language has been held to preclude judicial review of agency disallowance of an employee's claim. *Macomber v. United States,* 335 F.Supp. 197 (D.R.I.1971). The statutory predecessor to the MPCECA also had been interpreted as precluding judicial review of agency decisions.[2]

Additionally, courts have interpreted similar "final and conclusive" statutory language as precluding judicial review of Vet-

erans Administration decisions regarding veteran's benefits. 38 U.S.C. § 211(a) (1976); *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Cunningham v. United States,* 212 Ct.Cl. 451, 549 F.2d 753 (1977), *cert. denied,* 445 U.S. 969, 100 S.Ct. 1662, 64 L.Ed.2d 246 (1980); *Milliken v. Gleason,* 332 F.2d 122 (1st Cir.1964), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965); *Mitchell v. United States,* No. 382–81C, slip op. at 2 (Ct.Cl. Mar. 19, 1982). The statute states:

> [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive .... [38 U.S.C. § 211(a) (1976)].

Plaintiff contends that this court should reverse the Army's decision for lack of evidence to support the Army's determination that plaintiff was negligent. Plaintiff cites the precautions he took in concealing and locking his luggage in his car. However, this court is not dismissing plaintiff's claim due to plaintiff's possible negligence, but rather that under the MPCECA, we are precluded from reviewing the Army's decision.[3] Plaintiff's negligence is not a relevant issue in this suit.

Plaintiff also maintains that the Army's decision is inconsistent with Air Force policies reimbursing losses resulting from vehicle theft. However, the Army has the discretion to adopt regulations differing from those adopted by other agencies in settling claims for property damage or loss by its employees.[4] Therefore, even if this court could review the Army's decision, plaintiff's contention that the Army's decision is in-

---

2. The Military Claims Act of 1945 stated that settlement of claims "shall be final and conclusive ...." 31 U.S.C. § 222(c) (1946). The 9th Circuit Court of Appeals noted: "The Act does not provide for judicial review of administrative action on claims." *Preferred Insurance Co. v. United States,* 222 F.2d 942 (9th Cir.), *cert. denied,* 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747 (1955).

3. "Settlement of a claim under this section is *final and conclusive.*" 31 U.S.C. § 3721(k) (1982) (Emphasis supplied).

4. "The President may prescribe policies to carry out this section .... Subject to those policies, the *head of each agency shall prescribe regulations to carry out this section.*" [31 U.S.C. § 3721(j) (1982)] (Emphasis supplied).

consistent with Air Force's policy is meritless.

## CONCLUSION

For the reasons set forth herein above, plaintiff's complaint is to be dismissed.

IT IS SO ORDERED.