Jan Victor HIRSCHMANN

v.

The UNITED STATES.

No. 293–86C.

United States Claims Court.

Dec. 15, 1986.

Thomas Owen McElmeel, Seattle, Wash., for plaintiff.

Hillary A. Stern, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

MARGOLIS, Judge.

Plaintiff Jan Victor Hirschmann, a physician employed by the Veterans Administration Medical Center, brought suit to recover six months salary he claims is due him under the Veterans Administration Manual covering extended leaves of absence for educational purposes. Defendant moved that the court dismiss the complaint for lack of subject matter jurisdiction, which the plaintiff opposed. After consideration of the record and after oral argument, the court grants the defendant's motion to dismiss.

## FACTS

Plaintiff Jan Victor Hirschmann, employed as the Assistant Chief of Medicine at the Veterans Administration (VA) Medical Center in Seattle, Washington, submitted a request for a 12–month extended leave for educational purposes on Decem-

ber 8, 1983. The request included six months leave at full pay. The training was to occur in London, England. Plaintiff requested no travel funds from the government. The VA Manual M–8, Part V, Chapter 7, titled "Extended Leave for DM & S [Department of Medicine and Surgery] Educational Purposes," provides for such leave with up to six months full pay if certain length of service and educational conditions are met. Plaintiff met the applicable conditions. The request was approved through every required official except the final approval authority, the Chief Medical Director at the VA Central Office, who disapproved the training allegedly because it was to occur outside the United States. In April 1984, the VA Central Office allegedly approved the request if the leave was for similar or equivalent training in the United States. Plaintiff attended the training in London and took leave without pay from September 1984 through September 1985. Plaintiff filed suit in this court on May 9, 1986 and seeks $35,000, an amount equal to the six months pay he claims was arbitrarily and capriciously withheld from him by the VA.

## DISCUSSION

Plaintiff asserts that this court has jurisdiction of his complaint under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), which states in part that the Claims Court has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." Plaintiff claims that the action of the government was in violation of an Act of Congress, 5 U.S.C. §§ 4101 *et seq.* (1982) with the VA implementing regulations, and in breach of an implied contract between the plaintiff and the VA. Plaintiff thus claims that jurisdiction is proper in this court. Defendant claims that this court does not have jurisdiction over the plaintiff's claim.

## I. *Statutory and Regulatory Analysis*

 A plaintiff may seek money damages from the government in this court under the jurisdiction granted by the Tucker Act, 28 U.S.C. § 1491. The jurisdiction conferred by § 1491, however, presupposes the existence of a substantive right to the requested remedy. In the non-contractual area, jurisdiction may be found in this court in cases where the plaintiff has paid money to the government and seeks return of that sum, and where a provision of law expressly grants the plaintiff a right to a certain sum. *Eastport Steamship Corporation v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). Plaintiff in this case seeks payment for six months salary based on provisions of law and regulation. In this category of case, the law or regulation relied on must command the United States to pay the requested money. *Id.* at 607, 372 F.2d at 1008. What one must always ask to determine if this court has jurisdiction under § 1491 is "whether the constitutional clause or the legislation which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 607, 372 F.2d at 1009. This analysis was supported and affirmed in *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976), which is cited by defendant. Plaintiff claims that the citation by the defendant of *Testan* means that the defendant appears to be suggesting, as did *Testan,* that the Tucker Act did not effect a waiver of sovereign immunity. In *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983) (*Mitchell II*), the Court held that the Tucker Act does effect a waiver of sovereign immunity, and that a separate waiver of sovereign immunity need not be found in the specific statute relied on by the plaintiff. The Court found, however, that "[a] substantive right must be found in some other source of law, such as 'the Constitution, or any Act of Congress, or any regulation of an executive department'" for the government to be liable for money damages. *Id.* Plaintiff claims that he need not demonstrate that 5

U.S.C. §§ 4101 *et seq.* and the VA regulations effect a separate waiver of sovereign immunity. In this regard, plaintiff is correct; he must, however, demonstrate that the statute and regulation relied upon *mandate* compensation to him. *See Mitchell II,* 463 U.S. at 218, 103 S.Ct. at 2968; *Testan,* 424 U.S. at 402, 96 S.Ct. at 955; *Eastport,* 178 Ct.Cl. at 607, 372 F.2d at 1008–09.

■ Where government action is discretionary by law or regulation, and no statute eliminates that discretion, there is no "money mandating" provision to enforce in this court. *Testan,* 424 U.S. at 406–07, 96 S.Ct. at 957–58. Where law or regulation requires that the government take action, jurisdiction will be found in this court. *See, e.g., Duncan v. United States,* 229 Ct.Cl. 120, 133, 667 F.2d 36, 44–45 (1981) (rejecting government's argument that it had "considerable discretion"), *cert. denied,* 463 U.S. 1228, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983); *Selman v. United States,* 204 Ct.Cl. 675, 680, 498 F.2d 1354, 1356 (1974) (law mandates compensation sought). Where the agency is vested with complete discretion, there can be no finding that the statute or regulations are "money mandating." *See, e.g., Provimi, Inc. v. United States,* 230 Ct.Cl. 621, 625–26, 680 F.2d 111, 114 (1982) (a discretionary statute cannot provide a basis for relief in the Court of Claims); *Griffin v. United States,* 215 Ct.Cl. 710, 713 (1978) (a claim which is wholly discretionary with the agency cannot be the subject of a Tucker Act suit); *Selman v. United States,* 1 Cl.Ct. 702, 704 (agency discretion unreviewable in Claims Court), *aff'd,* 723 F.2d 877 (Fed.Cir.1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984).

■ Plaintiff relies on 5 U.S.C. §§ 4101 *et seq.* as the money-mandating statute which vests jurisdiction in this court. This statute requires that covered government agencies set up training programs "in order to increase economy and efficiency in the operations of the agenc[ies] and to raise the standards of performance by employees of their official duties to the maximum possible level of proficiency." 5 U.S.C. § 4103 (1982) (each covered agency *"shall"* establish such programs). The Veterans Administration is covered by this provision. 5 U.S.C. § 4101. Plaintiff is thus correct that the training program established by the VA was mandated by statute; he is in error, however, that payment of his salary was mandated either by the statute or the VA regulations. 5 U.S.C. § 4109 provides that the head of an agency *"may"* pay all or a part of the pay of an employee selected and assigned for training (except overtime, holiday, or night differential pay). 5 U.S.C. § 4109(a)(1). VA Manual M–8, Part V, Chapter 7 provides that "[e]xtended leave for educational purposes *may* be granted for periods of up to 12 months. A continuous period of up to 6 months of this time *may* be at full pay." Section 7.05e., Leave Coverage and Limitations. (December 20, 1983) (emphasis added). Both the applicable statute and regulation give considerable discretion to the agency to pay the salary of employees assigned to training, and thus do not constitute the "money mandating" provisions necessary to find jurisdiction in the Claims Court under the Tucker Act.

## II. *Implied Contract*

■ Plaintiff claims that on the facts of this case an implied contract existed between plaintiff and the government whereby the plaintiff agreed to perform his obligations, and the government agreed to exercise good faith and not treat plaintiff in an arbitrary and capricious manner. The Tucker Act does vest jurisdiction in this court over "any express or implied contract." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not reach claims based on contracts implied in law; it reaches only those implied in fact. *Mitchell II,* 463 U.S. at 218, 103 S.Ct. at 2968; *Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925); *Porter v. United States,* 204 Ct.Cl. 355, 365 n. 5, 496 F.2d 583, 590 n. 5 (1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975). Necessary for a contract implied in

342

fact are circumstances which indicate that the parties have in fact taken upon themselves corresponding obligations and liabilities, and in fact have come to a "meeting of the minds." *Porter*, 204 Ct.Cl. at 365, 496 F.2d at 590; *Brannan v. United States*, 7 Cl.Ct. 399, 404 (1985); *Gratkowski v. United States*, 6 Cl.Ct. 458, 461–62 (1984). An implied in fact contract requires the same contractual elements as are required to establish an express contract, *i.e.*, mutuality of intent, consideration, and lack of ambiguity in offer and acceptance. *Juda v. United States*, 6 Cl.Ct. 441, 452 (1984). A contract implied in law is one where no agreement between the parties occurred but where a duty is imposed by the law to prevent injustice. *Algonac Manufacturing Company v. United States*, 192 Cl.Ct. 649, 674, 428 F.2d 1241, 1255–56 (1970). In the plaintiff's case, any implied contract which could possibly be found would be one implied in law; facts have not been alleged by the plaintiff demonstrating the elements of an implied in fact contract. The Claims Court thus does not have jurisdiction over the plaintiff's claim for breach of an implied contract.

## CONCLUSION

The applicable sections of 5 U.S.C. § 4109 and the VA regulations make discretionary the payment of salary to persons attending training; as such, they do not "mandate" the payment of money as required for this court to exercise jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). Any implied contract between the VA and the plaintiff involving his attending training, which would result in payment to him of his salary, would be a contract implied in law. The Tucker Act does not vest jurisdiction in this court over claims based on implied in law contracts. For these reasons, the defendant's motion to dismiss for lack of jurisdiction in the Claims Court is granted. The clerk will dismiss the complaint. Each party is to bear its own costs.