George E. MERRIFIELD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 726-86 C.

United States Claims Court.

Jan. 22, 1988.

---

Phillip H. Garrow, Bend, Or., for plaintiff.

Richard P. Nockett, Washington, D.C., for defendant, with whom were Asst. Atty. Gen. Richard K. Willard and David M. Cohen, of counsel.

## ORDER

HORN, Judge.

Plaintiff, George E. Merrifield, a former member of the United States Marine Corps, brings this action as a claim for breach of an alleged, oral contract seeking compensation for personal property losses, property damage to others, medical expenses and lost wages. In the alternative, plaintiff seeks relief under the Military Personnel and Civilian Employees' Claims Act of 1964 (MPCECA), 31 U.S.C. §§ 240, *et seq.*, recodified at 31 U.S.C. § 3721 *et seq.* (1982), for personal property and personal injury losses. The case is now before this Court on defendant's motion to dismiss.

After full consideration of the facts and arguments presented by both parties in their briefs and at oral argument, this Court hereby grants the defendant's motion to dismiss for the reasons stated below.

### Background

Plaintiff, George E. Merrifield, alleges that on January 26, 1984, while still in the military, he entered into an oral contract, pursuant to the "Do It Yourself Move" (DITY) program, to transport his own household goods from his station of discharge to his final retirement destination in Oregon. He claims that he inquired about insurance with respect to the move and was orally assured by the Personal Property Transportation Office that he had entered into a contract which included complete insurance coverage for any and all personal property and/or personal injury losses incident to his move under the DITY program.

Plaintiff alleges that he rented a truck and a tow bar from Ryder Truck Rental. Further, he alleges that on February 10, 1984, he departed from his station of discharge under separation orders and that on or about February 12, 1984, the truck he was driving left the road, resulting in personal injury and loss of personal property.

Plaintiff alleges in his complaint that he filed claims with the Department of the Navy for the personal property and personal injury losses in accordance with the Department of Defense Personnel Claims Regulations, 32 C.F.R. §§ 751, *et seq.* (1984), pursuant to the Military Claims Act (MCA), 10 U.S.C. §§ 2731, *et seq.* and the Military Claims Act Regulations, 32 C.F.R. §§ 750.50, *et seq.* (1984).

The plaintiff asserts in his complaint that the Department of the Navy indicated its refusal to accept liability for loss of personal property and refused to provide medical

coverage for plaintiff's personal injuries by letters dated June 4, 1984, July 14, 1984 (regarding medical coverage) and September 4, 1984 (regarding personal property). The plaintiff further asserts in his complaint that the Judge Advocate General of the Navy, upon reconsideration, also denied his personal claims.

Following his unsuccessful claims against the Department of the Navy, plaintiff filed the above-captioned case in this Court seeking relief for breach of contract and in the alternative, relief under the MPCECA.[1]

In his complaint, plaintiff maintains that as a result of the accident, he incurred personal property losses and property damages to others in the approximate amount of $49,480.00, medical expenses in the approximate amount of $7,326.60 and lost wages in the amount of $8,750.00.

Defendant responded to plaintiff's complaint by filing a motion to dismiss. In its motion to dismiss, the defendant maintains that this Court lacks jurisdiction to consider plaintiff's claim because plaintiff's rights as a service member are statutory, not contractual in nature. Therefore, the defendant maintains that plaintiff's right to sue for breach of contract under 28 U.S.C. § 1491 has no basis in law and that plaintiff's exclusive remedy, if any, for his claims would arise under the MPCECA or the MCA. The defendant also argues that the MPCECA and the MCA make payment to claimants wholly discretionary with the Department of the Navy, and that having failed to recover from the Department of the Navy under the appropriate procedures of the MPCECA and the MCA, no further relief is available to the plaintiff. Defendant maintains that since the Department of the Navy has final and conclusive authority, which is not subject to judicial review, the plaintiff cannot now seek relief in this Court.

*Discussion*

In the first count of his complaint, plaintiff charges that as a result of defendant's breach of the alleged, oral contract to insure against personal injury and/or personal property loss during the transportation of his household goods under the DITY program, he is entitled to recover for his personal injury and personal property losses from the United States. The defendant argues that under controlling case law interpreting 28 U.S.C. § 1491, this Court lacks jurisdiction over the plaintiff's claims because the MPCECA and the MCA make payment to claimants wholly discretionary with the appropriate government agency.

In order for this Court to entertain a breach of contract claim against the United States in this case, the plaintiff must first demonstrate that the jurisdiction of such a breach of contract claim is properly vested in this Court. To do so, the plaintiff must show that a substantive right to the requested remedy exists and further that a statutory waiver of the government's sovereign immunity has been granted. The Supreme Court has stated:

> [t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.... [T]he Act merely confers jurisdiction upon it whenever the substantive right exists.

*United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) *citing* a Court of Claims case, *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605–607, 372 F.2d 1002, 1007–1009 (1967). As the *Testan* Court said, it is necessary to examine whether other statutory provisions confer a substantive right to recover damages from the United States.

In *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), (*Mitchell II*),[2] the Supreme Court re-

---

1. Although he did so in his administrative claims made to the Department of the Navy, in this Court plaintiff has not claimed entitlement to recovery under the MCA.

2. In *Mitchell v. United States*, 219 Ct.Cl. 95, 591 F.2d 1300 (1979), individual allottees of land in an Indian Reservation sued the government to recover damages for alleged mismanagement. The Court of Claims denied the government's motion to dismiss based on the General Allot-

affirmed the principle that in order for the plaintiff to maintain a suit for monetary relief against the government, the substantive right to recover must exist apart from the jurisdictional statute. There must be some provision which creates a substantive right to recover. The *Mitchell II* Court found such a right in three sets of statutes which provided for compensation for violations of traditional fiduciary responsibilities in the management of Indian property.[3]

This same principle requiring an independent statutory substantive right to the requested remedy as well as a waiver of sovereign immunity was found to be dispositive in *Hirschmann v. United States*, 11 Cl.Ct. 338 (1986). There, the Claims Court found that it lacked jurisdiction because neither statute nor regulation required the Veterans Administration to pay salary to a physician while he was on extended leave of absence for educational purposes.

With respect to plaintiff's claim in the instant case, the Court is not aware of an independent substantive right in either the MPCECA or the MCA which would enable this plaintiff to sustain a claim in this Court for compensation.[4]

As an additional argument, defendant also points out that language in the controlling statutes, the Military Personnel and Civilian Employees' Claims Act of 1964 (MPCECA), 31 U.S.C. §§ 240, *et seq.*, recodified at 31 U.S.C. § 3721 *et seq.* (1982), and the Military Claims Act of 1945 (MCA), 10 U.S.C. §§ 2731, *et seq.* (1976), makes administrative decisions under the applicable sections of these Acts final and conclusive determinations, not subject to judicial review. Defendant argues, therefore, that

ment Act, and certiorari was granted. The Supreme Court reversed and remanded. 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). On remand, the Court of Claims, 229 Ct.Cl. 1, 664 F.2d 265 (1981), (*Mitchell I*), found the United States subject to suit under various other statutes. The government's petition for certiorari was granted. The subsequent decision by the Supreme Court is referred to as *Mitchell II.* *Mitchell II* jurisdiction was based on 28 U.S.C. § 1491 and on 28 U.S.C. § 1505 (1976), the counterpart to 28 U.S.C. § 1491 for Indian tribal claimants.

3. The *Mitchell I* Court cited 25 U.S.C. §§ 318(a), 323–325 (roads and rights of way), 406–407 (timber sales) and 466 (regulations and sustained yield). *Mitchell*, 664 F.2d at 271, n. 8.

4. The Military Personnel and Civilian Employees' Claims Act, 31 U.S.C. § 3721 (1982), provides in relevant part:

(b) The head of an agency may settle and pay not more than $25,000 for a claim against the Government made by a member of the uniformed services under the jurisdiction of the agency or by an officer or employee of the agency for damage to, or loss of, personal property incident to service. A claim allowed under this subsection may be paid in money or the personal property replaced in kind.

* * * * *

(k) Settlement of a claim under this Section is final and conclusive.

The Military Claims Act of 1945, 10 U.S.C. §§ 2731, *et seq.* (1976) provides in relevant part:

Section 2731. In this chapter, "settle" means consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or disallowance.

Section 2733(a). Under such regulations as the Secretary concerned may prescribe, he, or, subject to appeal to him, the Judge Advocate General of an armed force under his jurisdiction, or the chief legal officer of the Coast Guard, as appropriate, if designated by him, may settle, and pay in an amount not more than $25,000, a claim against the United States for—

(1) damage to or loss of real property, including damage or loss incident to use and occupancy.

(2) damage to or loss of personal property bailed to the United States and including registered or insured mail damaged, lost, or destroyed by a criminal act while in the possession of the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be; or

(3) personal injury or death;

either caused by a civilian officer or employee of that department, or the Coast Guard, or a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be, acting within the scope of his employment, or otherwise incident to noncombat activities of that department, or the Coast Guard....

* * * * *

(d) If the Secretary concerned considers that a claim in excess of $25,000 is meritorious and would otherwise be covered by this section, he may pay the claimant $25,000 and report the excess to Congress for its consideration.

* * * * *

Section 2735. Notwithstanding any other provision of law, the settlement of a claim under Section 2733, 2734, 2734(a), 2734(b), or 2737 of this title is final and conclusive.

this Court has no jurisdiction in this case to review plaintiff's claims.[5]

■ No provision requiring the payment of money applicable to this case has been cited to the Court. Given the absence of language creating such a right to payment of a claim for personal injury and property losses of Navy personnel incident to non-combat activities, and the statutory language which states that determinations under the MPCECA and the MCA are not subject to judicial review, this Court must grant the defendant's motion to dismiss plaintiff's claim for damages based on breach of contract.

■ The only issue presented with respect to the dismissal of the plaintiff's second count, that he should recover for personal property losses and personal injury under the MPCECA,[6] is whether the Navy's denial of the plaintiff's claim for compensation is subject to judicial review.

The MPCECA[7] clearly provides that "[t]he head of an agency may settle and pay not more than $25,000 for a claim against the government made by a member of the uniformed services under the jurisdiction of the agency ... for damages to, or loss of, personal property incident to service." 5 U.S.C. § 702 (1982). This same Act further provides that "[s]ettlement of a claim under this section is final and conclusive." 31 U.S.C. § 3721(k). The term "settle" in the statute is defined to mean "con-

sider, determine, adjust, and dispose of a claim by disallowance or by complete or partial allowance." 31 U.S.C. § 3721(a)(3).

The Claims Court has previously dealt with the recoverability issue in *Talstrom v. United States*, 3 Cl.Ct. 106 (1983). In *Talstrom* a civilian employee of the United States Army brought an action seeking reimbursement for the loss of his personal property stolen from his car while he was traveling under Army orders. The Court granted defendant's motion for judgment on the pleadings finding that the MPCECA precluded judicial review of the Army's decision denying plaintiff's claim.[8]

Similarly, courts have interpreted the settlement of claims under the MPCECA's predecessor, the MCA, as final and conclusive, and therefore, precluding judicial review. In *Preferred Ins. Co. v. United States*, 222 F.2d 942 (9th Cir.1955), *cert. denied*, 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747 (1955), an action by four insurance companies against the United States to recover amounts paid by plaintiffs for damages to trailers parked on an Air Force Base was precluded. The Court held that the MCA did not provide for judicial review of findings or action on claims. *Id.* at 946. In *Bryson v. United States*, 463 F.Supp. 908, 910 (E.D.Pa.1978), the Court held that an action based on the MCA for damages related to the death of a serviceman was

---

5. The plaintiff's complaint alleges entitlement to recovery for personal property and personal injury losses incurred pursuant to the MPCECA, 31 U.S.C. § 3721 (1982). It does not allege a right to recover under the MCA, 10 U.S.C. §§ 2731, *et seq.* (1976). The MCA is the predecessor of the MPCECA. It pertains to damage to, or loss of real property, damage to, or loss of personal property bailed to the United States, and personal injury or death. The MPCECA deals with the settlement of claims made for damage to, or loss of, personal property.

6. Despite the fact that the MPCECA only provides for personal property damage or loss, the plaintiff's complaint alleges that he is entitled to recover for personal property and personal injury losses incurred incident to his move pursuant to 31 U.S.C. § 3721.

7. Plaintiff's claim is governed by the MPCECA rather than the Administrative Procedure Act, (APA), 5 U.S.C. §§ 701, *et seq.* (1982), inasmuch

as the APA, in relevant part, provides that an aggrieved person's entitlement to judicial review exists, except to the extent that other statutes preclude judicial review, or agency action is committed specifically to agency discretion by law. 5 U.S.C. § 702 (1982). *See also Macomber v. United States*, 335 F.Supp. 197 (D.R.I., 1971).

8. In an unreported decision this Court also has held that the "final and conclusive" language of the MPCECA prohibited judicial review of an administrative agency's decision. *Fausto v. United States*, No. 779–86C (Cl.Ct. June 12, 1987). In *Fausto*, the Court granted defendant's motion to dismiss plaintiff's claim for compensation for damage to his vehicle incurred while the plaintiff was in it on official business since the executive branch agency had denied plaintiff's claim and the MPCECA prohibited review of the agency's decision.

outside the Court's jurisdiction on the same basis.

In *Milliken v. Gleason*, 332 F.2d 122 (1st Cir.1964), *cert. denied*, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965), similar "final and conclusive" language in a statutory provision, regarding decisions of the Administrator concerning claims for benefits or payments under laws administered by the Veterans' Administration, has been interpreted to bar judicial review. In *Milliken*, an action against the Administrator of Veterans' Affairs for a declaration that forfeiture of pension rights was void could not be maintained. The statutory provision made decisions of the Administrator regarding any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans Administration final and conclusive. The decision stated that no other official or any court of the United States had the power or jurisdiction to review such decision.

Of interest also is commentary sent to the Judiciary Committee with respect to the proposal submitted to create the MPCECA which indicates that the legislature was made aware that the MPCECA would be interpreted as precluding judicial review. A letter from the Assistant Secretary of the Interior included in the Senate Report on the MPCECA, S.Rep. 1423, stated that:

> [n]o provision is made for appeal to the courts. On the contrary, the bill provides that the administrative settlement of a claim is final and conclusive.

S.Rep. No. 1423, 88th Cong., 2d Sess., *reprinted in* 1964 U.S.Code Cong. & Admin. News 3407, 3414–3415.

Likewise, commentaries submitted at the time the MCA was proposed also contain indications that Congress should have been aware that the Act would preclude judicial review. In a letter to the Speaker of the House of Representatives, accompanying the proposed Bill, the Acting Secretary of War invited the Speaker's attention to the final and conclusive provision of the Act as follows:

> [a]ny settlement made by the Secretary of War, or his designee, under the authority of the proposed legislation and such regulations as he may prescribe thereunder, will be final and conclusive for all purposes, notwithstanding any other provision of law to the contrary. In the absence of fraud or mistake in mathematical calculations, the findings of fact, conclusions of law and the decisions of the Secretary of War, or his designee, upon the merits of any claim, would not be subject to review by any other administrative or accounting officer, employee, or agent of the United States.[9]

In *Macomber v. United States*, 335 F.Supp. 197 (D.R.I., 1971) the Court relied in part on the legislative history of the MPCECA to dismiss a claim based on the finality of the agency action. Moreover, despite the apparent awareness by the legislators when considering the MCA and the MPCECA that settlement would not be reviewable by the Courts, no language to the contrary, appears to have been included in either Act.

### Conclusion

Upon consideration of the oral arguments and written submissions offered by the parties, the Court hereby GRANTS the defendant's Motion to Dismiss. The Clerk of the Court is directed to enter judgment in accordance with the findings herein.

IT IS SO ORDERED.

---

9. H.R.Rep. No. 237, 79th Cong., 1st Sess. (1945), *reprinted in* 1945 U.S. Code Cong. & Admin. News 715, 718.