**Walter MEADE, Plaintiff,**

v.

**FEDERAL AVIATION ADMINISTRATION, Defendant.**

No. CV 94–0957.

United States District Court, E.D. New York.

June 21, 1994.

Walter Meade, plaintiff pro se.

Zachary W. Carter, U.S. Atty. by Daniel F. DeVita, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

*Pro se* plaintiff Walter Meade, an employee of the Federal Aviation Administration ("FAA"), brings this action against the FAA seeking $82 in damages based on the alleged malfunctioning of a government issue pen that leaked on his shirt and coat.[1] Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on the ground that this Court lacks jurisdiction over this action because plaintiff's only recourse as to this alleged incident is through the administrative procedure contained in 31 U.S.C. § 3721, known as the Military Personnel and Civilian Employ-

---

1. Plaintiff instituted this action in the District Court of the County of Suffolk, Small Claims. Defendant removed the action to this Court.

ees' Claims Act ("MPCECA"), and that judicial review of the administrative claims process is barred by this statute. Plaintiff has submitted no opposition to the motion. For the reasons below, the motion is granted.

### I.

In support of its motion, defendant has submitted a copy of a claim filed by plaintiff with the FAA on January 13, 1994 seeking to recover $82 for the alleged damage to his clothing caused by the leaky pen. On January 14, 1994, the FAA denied the claim based on a Department of Transportation (DOT) policy concerning allowable claims for lost or damaged clothing. The referenced DOT policy provides that claims for lost or damaged clothing under circumstances incident to service are allowable, provided such loss results from an "unusual occurrence," *i.e.*, "beyond the risk of usual daily activity," but explicitly provides that "[u]nusual occurrences do not include leaking ink pens."

### II.

Upon consideration of defendant's motion, this Court finds that the FAA's denial of plaintiff's claim under 31 U.S.C. § 3721 is not subject to judicial review. Section 3721, which is entitled "Claims of personnel of agencies and the District of Columbia government for personal property damage or loss," is plaintiff's exclusive remedy to recover for damage to his personal property as a result of the incident alleged in the complaint. Pursuant to the statute, the head of an agency "may settle and pay not more than $40,000 for a claim against the Government made by ... an officer or employee of the agency for damage to, or loss of, personal property incident to service." 31 U.S.C. § 3721(b). The statute defines the word "settle" to mean "consider, determine, adjust and dispose of a claim by disallowance or by complete or partial allowance," *id.* § 3721(a)(3), and provides that "[s]ettlement of a claim under this section is final and conclusive," *id.* § 3721(k).

Courts have interpreted the settlement of claims under this statute as precluding judicial review, finding support for this conclusion in both the plain language and legislative history of the statute. *See, e.g., Merrifield v. United States,* 14 Cl.Ct. 180 (1988) (holding retired Marine Corp. member's claim under MPCECA was not subject to judicial review); *Talstrom v. United States,* 3 Cl.Ct. 106 (1983) (holding Army's denial of employee's claim under MPCECA was not subject to judicial review); *see also Macomber v. United States,* 335 F.Supp. 197 (D.R.I. 1971) (holding judicial review precluded under predecessor statute to 31 U.S.C. § 3721 based on explicit language that "settlement of a claim ... is final and conclusive" and the legislative history, as illustrated in the Senate Report, which included a letter from the Assistant Secretary of the Interior to the Chairman of the Judiciary Committee stating that "No provision is made for appeal to the courts. On the contrary, the bill provides that the administrative settlement of a claim is final and conclusive.").

This Court agrees with the cases interpreting this statute that judicial review of claims governed by the statute is precluded based on the language of the statute, and as further supported by its legislative history. Accordingly, judicial review of the FAA's denial of plaintiff's claim for damage to his clothing is precluded by the statute.

### III.

Accordingly, for the above reasons, the complaint is dismissed. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.