Richard E. COLLINS, Plaintiff,

v.

UNITED STATES, Defendant.

No. 94–192C.

United States Court of Federal Claims.

Oct. 31, 1994.

Richard B. Tanner, Dallas, TX, for plaintiff.

John S. Groat, Civil Div., U.S. Dept. of Justice, Washington, DC, with whom were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, and Jeanne E. Davidson, Asst. Director.

## OPINION

MARGOLIS, Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff appeals the decision of U.S. Army Claims Service denying him reimbursement for attorney's fees he incurred while defending himself in certain administrative hearings. Plaintiff asserts that the court has jurisdiction to hear this case through the Tucker Act, 28 U.S.C. § 1491 and the Military Claims Act, 10 U.S.C. §§ 2733–37. Defendant maintains that this court lacks jurisdiction because the Military Claims Act does not mandate the payment of money damages to the plaintiff should he prevail, and in the alternative, that the Military Claims Act does not allow for judicial review of the administrative decisions that it authorizes. After careful review of the record, and after hearing oral argument, the court grants defendant's motion to dismiss.

## FACTS

Plaintiff, Lieutenant Colonel Richard E. Collins ("Collins"), served as the commanding officer of the 4005th Dental Detachment, a reserve unit of the United States Army located in Houston, Texas. On November 12, 1992, Brigadier General Frank M. Brown, Commander of the 807th Medical Brigade, removed Collins from his command position. This decision was based upon the recommendation of Colonel Roger M. Weed, Commander of the 831st Medical Detachment.

After his dismissal various administrative actions were undertaken involving Collins, including Officer Efficiency Reports, an Article 138 complaint against Commanders Weed and Brown, a written reprimand, a report of survey, a relief for cause review, and an investigation into a possible Uniform Code of Military Justice ("UCMJ") violation. Army regulations provide in relevant part, that "[l]egal assistance will be provided to clients on military administrative matters if required by law or Army regulation (including this regulation)." Army Regulations 27–3, ¶ 3–6g(1). These regulations require that counsel be provided for reports of survey, *id.* at g(4)(b), officer evaluation reports, *id.* at g(4)(c), relief for cause reviews, *id.* at g(4)(e), memoranda of reprimand, *id.* at g(4)(j), and article 138, UCMJ complaints, *id.* at g(4)(k).

Pursuant to those regulations, Collins requested Army appointed counsel to aid him in the aforementioned actions. Each request was apparently denied by the Army. In need of counsel, Collins hired attorney Richard B. Tanner ("Tanner") to represent him in December of 1992. Tanner, on behalf of Collins, sought the appointment of Army counsel for Collins as required by Army regulations. In addition he requested that the United States pay the attorney's fees Collins had incurred as a result of his need to retain outside counsel. Both requests were refused. Tanner responded by filing a claim for his attorney's fees with the United States Army Claims Service. This claim, and subsequent appeals were reviewed under both the Federal Tort Claims Act and the Military Claims Act. The claim was denied by the claims division. Collins filed suit in this court seeking reimbursement under the Military Claims Act for $15,000 in attorney's fees.

## DISCUSSION

Defendant moves to dismiss plaintiff's amended complaint on the ground that this court lacks jurisdiction. To establish this court's jurisdiction, plaintiff must show that the statute upon which he relies grants him a substantive right to recover money damages from the United States. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Plaintiff asserts that this court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and the Military Claims Act, 10 U.S.C. §§ 2733–37.

The Tucker Act, while establishing a waiver of sovereign immunity, "does not create any substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398, 96 S.Ct. at 953. Rather, plaintiff must provide a separate statute upon which to base his substantive right to recovery. *Id.* "It follows that the asserted entitlement to money damages depends upon whether [the Military Claims Act] 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Id.* at 400, 96 S.Ct. at 954 (*quoting Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009).

Plaintiff asserts that the Military Claims Act requires the government to reimburse plaintiff for the $15,000 in attorney's fees he incurred as a result of the Army's denial of counsel during various administrative hearings. Army regulations provide that a serviceman is entitled to free, Army appointed counsel, for the administrative hearings relevant to plaintiff's claim. *See* Army Regulations 27–3, ¶ 3–6g.

■ However, plaintiff's assertion that the Military Claims Act grants him the substantive rights necessary for this court to have jurisdiction is incorrect, because the Act itself precludes judicial review of any final agency action that it authorizes. The Military Claims Act provides that the Secretaries of the Armed Forces, or others as they may prescribe, have the power to settle certain claims against the United States, so long as such claims do not exceed $100,000. 10 U.S.C. § 2733. Section 2735 of the Act provides that "[n]otwithstanding any other provision of law, the settlement of a claim under section 2733 ... of this title is final and conclusive." The Act defines the term "settle" to mean "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." 10 U.S.C. § 2731.

■ Ordinarily there is a strong presumption that Congress intends for judicial review of final agency action. *See Block v. Community Nutrition Inst.*, 467 U.S. 340, 348–49, 104 S.Ct. 2450, 2455–56, 81 L.Ed.2d 270 (1984). When a statute is specific in with-holding such review, however, either on its face, or through clear and convincing evidence, then judicial review is precluded. *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 778–79, 105 S.Ct. 1620, 1626–27, 84 L.Ed.2d 674 (1985).

As previously noted the Military Claims Act makes the decisions of the various Secretaries "final and conclusive" "notwithstanding any other provision of law." 10 U.S.C. § 2735. While this court has not had occasion to address the finality provision of the Military Claims Act, "[e]very circuit that has addressed the language of section 2735 has concluded that it precludes judicial review of the military's disallowance of a claim under the Act, absent a constitutional claim." *Schneider v. United States*, 27 F.3d 1327, 1332 (8th Cir.1994); *see also Hata v. United States*, 23 F.3d 230, 232–33 (9th Cir.1994); *Rodrigue v. United States*, 968 F.2d 1430, 1432–34 (1st Cir.1992); *Poindexter v. United States*, 777 F.2d 231, 233–37 (5th Cir.1985); *Broadnax v. United States Army*, 710 F.2d 865, 867 (D.C.Cir.1983); *LaBash v. United States Dept. of the Army*, 668 F.2d 1153, 1155–56 (10th Cir.1982), *cert. denied*, 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982); *Towry v. United States*, 459 F.Supp. 101, 107 (E.D.La.1978), *aff'd*, 620 F.2d 568 (5th Cir.1980), *cert. denied*, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981); *Bryson v. United States*, 463 F.Supp. 908, 910 (E.D.Pa.1978). *But see Welch v. United States*, 446 F.Supp. 75, 77–78 (D.Conn.1978) (suggesting broad judicial review).

In *Shull v. United States*, 228 Ct.Cl. 750, 1981 WL 21476 (1981), the Court of Claims ruled that the Army's denial of Shull's claim, brought under the Military Personnel and Civilian Employees' Claims Act of 1964 ("MPCECA"), was beyond judicial review. The MPCECA, just like the Military Claims Act, states that "[n]otwithstanding any other provision of law, the settlement of a claim ... is final and conclusive." *Id.* at 754–55. The court, relying upon *United States v. Babcock*, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919), determined that this finality provision of the MPCECA precluded further judicial review. *Shull* at 755–57. The court went on to note that "other federal courts

have reached the same conclusion as to the related and identical finality language of 10 U.S.C. § 2735 (1976), which is applicable to military claims brought under 10 U.S.C. §§ 2731–2737." *Id.* at 757; *see also Merrifield v. United States,* 14 Cl.Ct. 180, 184 (1988) (relying upon prior judicial interpretations of the Military Claims Act's finality language in ruling that the identical finality language contained in the MPCECA precluded judicial review).

It is clear that almost every federal court that has examined statutes with this finality provision has ruled that any final agency action authorized by such a statute is beyond judicial review. Therefore, the Military Claims Act, because it contains such a finality provision, precludes judicial review of final agency action, and cannot be used to establish jurisdiction in this court.

■ Furthermore, assuming *arguendo* that the Military Claims Act was subject to overall judicial review, this court would still lack jurisdiction over the plaintiff's claim because the Military Claims Act does not mandate the payment of money damages by the United States. *See Merrifield,* 14 Cl.Ct. at 184. The statute provides that the Secretary *"may"* settle and pay claims. 10 U.S.C. § 2733. However, the discretionary authority to pay a claim "does not give rise to a claim of money damages against the United States." *Holder v. Department of the Army,* 229 Ct.Cl. 417, 422, 670 F.2d 1007, 1011 (1982).

■ Plaintiff also asserts a broad violation of the 5th Amendment due process clause as another basis for jurisdiction. "We have frequently and consistently held, however, that we have no jurisdiction over claims for money based upon the government's alleged violations of the [5th Amendment] due process clause." *Inupiat Community v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122, 132 (1982), *cert. denied,* 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). *See also Carruth v. United States,* 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980); *Werner v. United States,* 218 Ct.Cl. 746, 749, 590 F.2d 344 (1978), *cert. denied,* 441 U.S. 963, 99 S.Ct. 2410, 60 L.Ed.2d 1068 (1979); *Walton v.*

*United States,* 213 Ct.Cl. 755, 757, 1977 WL 9601 (1977).

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff's amended complaint is dismissed. The Clerk will enter judgment accordingly. No costs.